WATSON *et al.* v. EQUITABLE MORTGAGE CO. *et al.*

Where upon an appropriate application a receiver was appointed in an equity suit and directed to do certain things, and no exception was taken to the order of appointment, but afterwards the defendants amended their answer and prayed the court to enjoin the receiver from doing the things which he had been appointed to do, a bill of exceptions will not lie to the refusal of the court to interfere with the receiver while the main case is pending in the court.

Submitted April 24,—Decided August 10, 1907.

Petition for injunction, from Monroe superior court. Practice.

*J. W. Preston* and *M. G. Bayne,* for plaintiffs. *Tye & Bryan, Cabaniss & Willingham,* and *Charles A. Read,* for defendants.

ATKINSON, J. Peter McMickle executed a deed conveying certain property to "Rufus H. Watson, Jr., for the use, benefit, and advantage, in trust for Mary M. Watson for life, . . for her sole and separate use and on her decease to her child or children as she may leave in life." In the deed there was a power given the trustee to sell the property for reinvestment upon the written consent of the said Mary M. Watson. The trustee made application to the judge of the superior court, in behalf of Mary M. Watson and her children, for leave to mortgage the property so conveyed. The judge granted an order authorizing the trustee to execute a mortgage in accordance with the application. A mortgage was executed by the trustee, purporting to create a lien upon the estates for life and remainder. There was a default in the payment, and the mortgage was foreclosed and the property sold at sheriff's sale. The purchaser at sheriff's sale afterwards conveyed the property in fee to Mary M. Watson. After thus obtaining a deed to the entire property, Mary M. Watson executed a deed to secure a debt to the Equitable Mortgage Company, conveying said entire property as security for a specified debt. Default in payment followed, and the Equitable Mortgage Company instituted a suit for the purpose of recovering judgment and subjecting the property to its payment. While this suit was pending, Rufus H. Watson Jr., as trustee, instituted suit against the Equitable Mortgage Company, attacking the mortgage executed by the trustee, and likewise the title alleged to have resulted from the sheriff's sale, and likewise the title held by the Equitable Mortgage Company as security for the debt. In this suit it was prayed that the Equitable Mortgage Company be enjoined, that the security deed be cancelled, and that the title to the property be decreed to be in R. H. Watson Jr., as trustee for Mary M. Watson for life, with remainder to her children. The Equitable Mortgage Company filed defenses to this suit; and upon the final trial the children of Mary M. Watson, who were in life, appeared in court by counsel and presented an application to the judge to allow them to so amend their declaration as to proceed in their own names, instead of in the name of the trustee. The record here does not disclose that the judge passed any order allowing the amendment. The trial proceeded, however, and resulted in a verdict for the defendant, upon which judgment was entered. There was no motion for a new trial or exception taken. After

that trial the Equitable Mortgage Company proceeded with the prosecution of the suit against Mary M. Watson and recovered judgment. When the property was about to be sold, claims were interposed by R. H. Watson Jr., as trustee for Mary M. Watson and her children, and also by the children of Mary M. Watson, which caused a postponement of the sheriff's sale. The Equitable Mortgage Company instituted another suit against R. H. Watson Jr., as trustee, and the children of Mary M. Watson, reciting the entire history of the litigation up to and including the rendition of the judgment subjecting the property to the payment of the debt, and the filing of the claims at the time the property was about to be offered for sale by the sheriff. It was further alleged in that suit that the claimants were insolvent, that the taxes were accumulating, and that the property was insufficient to pay the debt; that for several reasons the claimants were estopped from asserting any claim under the trust deed, and especially that they had been concluded by the former judgment in the suit wherein they had caused themselves to be made parties by amendment and wherein they had asserted the same title and had endeavored to defeat the title of the Equitable Mortgage Company. Among others, there were prayers for injunction against the further assertion of title; likewise a prayer for the appointment of a receiver to take charge of the property, collect the rents, and sell the property for the payment of taxes and principal and interest due to the Equitable Mortgage Company. No exception was filed to such order. The receiver advertised the property for sale; and the defendants in the last-named suit then filed an amendment in the nature of a cross-bill to their previous answer, and again asserted their title under the trust deed, and prayed that the receiver be discharged and that all orders and decrees heretofore made by the court under agreement or otherwise be set aside as void, and that the court enjoin the receiver from selling the property and from taking possession thereof until the rights of the parties could be settled under the cross-bill. There was an interlocutory hearing upon the application for injunction. The case was tried upon the allegations of the pleadings, without the introduction of evidence. After considering the case thus submitted, the judge refused to enjoin the receiver as prayed. The defendants in the main suit, who, by their answer in the nature of

a cross-bill, had applied for an injunction against the receiver, excepted and assigned error upon the order of the court refusing to enjoin the receiver.

An examination of the bill of exceptions shows that the plaintiffs in error complain of only one ruling of the judge, to wit, his refusal to grant an injunction. An examination of the record discloses that the injunction sought was against a receiver of the court for the purpose of preventing him from doing certain things which he had been directed to do by previous orders of the court. While the remedy sought is called an injunction in the pleadings, it is not in fact such an injunction as is contemplated in the Civil Code, §5526, to the grant or refusal of which a writ of error would lie from the ruling of the court before the final trial of the case. The order applied for was a mere administrative order, directed by the judge to the receiver, to the grant or refusal of which exceptions pendente lite and a further assignment of error in the bill of exceptions after the conclusion of the case would be proper and necessary, if the complaining party desired to review the ruling of the court. There were no exceptions pendente lite, and the case does not appear to have been finally disposed of. Under such conditions this court can not take jurisdiction of the matter. See, in this connection, *Lambert Hoisting Engine Co.,* v. *Dexter,* 127 *Ga.* 581, and cit., 56 S. E. 778.

*Writ of error dismissed. All the Justices concur.*