## 19985. WHITE v. WHITE.

JENKINS, P. J. The instant case was a contest between two colored women, each claiming the right, as the wife of a decedent, to administer his estate, the bone of contention being a certain insurance policy payable to the estate of the decedent. The plaintiff in error established her marriage to the decedent, but the defendant in error showed that prior to that time she and the decedent had married. Plaintiff in error replied by proving a marriage between the defendant in error and another man, entered into prior to the marriage between the defendant in error and the decedent. The defendant in error answered this contention by offering proof to show that the other man was already married to another woman, and offered a witness who was present at the ceremony in South Carolina, and other proof to show cohabitation between the parties, that they lived together as man and wife, and that the husband declared them to be man and wife. None of the parties were ever divorced. *Held:*

1. Where the rights of parties are dependent upon the law of South Carolina, and no law of that State is pleaded or proved, this court will presume that the common law is of force there, and the rights of the parties will be determined according to the principles of the common law as interpreted by the courts of this State. *Gershon* v. *Mendel*, 37 *Ga. App.* 650 (141 S. E. 328); *Motors Mortgage Cor.* v. *Purchase-Money Note Co.*, 38 *Ga. App.* 222 (143 S. E. 459).

"2. By the common law and the law of this State, a mutual agreement to be husband and wife, by parties able to contract, followed by cohabitation, is recognized as a valid marriage." *Dale* v. *State*, 88 *Ga.* 552, 556 (15 S. E. 287); *Askew* v. *Dupree*, 30 *Ga.* 173; *Clark* v. *Cassidy*, 64 *Ga.* 662; *Wynne* v. *State*, 17 *Ga. App.* 263 (86 S. E. 823). Accordingly, where, as in the instant case, one of the questions raised by the defendant in error was as to the fact and validity of a marriage entered into in South Carolina between the reputed other husband of defendant in error and another woman, the charge of the court to the effect that there was no law of South Carolina requiring or making provision for a license to marry, that no such license could have been procured, and that a marriage without a license, "that is, without such license as provided in our law, and agreement of marriage by the contracting parties in a marriage ceremony performed by a minister" in South Carolina, would be valid and would be recognized in the State of Georgia, was not erroneous, since such a ceremonial marriage, even without any license, was valid under the principles of the common law and under the statutes of this State. See, in this connection, Civil Code (1910), §§ 2930, 2942.

3. In such a case the subsequent declarations of the alleged husband, made while he was living with the woman, that she was his wife, were admissible in evidence as tending to establish the fact of the marriage. Civil Code (1910), § 5766.

4. The court did not err in refusing to give in charge as requested by plaintiff in error, the principle that "where two alleged marriages compete, and one of them is proved as a fact, whether by direct or circum-

stantial evidence, the other can not be left to stand upon the mere legal presumption founded on cohabitation and repute. With no competing actual marriage proved, the law presumes marriage from cohabitation and repute. But this presumption the law declines to raise in opposition to a competing marriage actually proved." This charge was not adjusted to the issues made by the evidence, since the marriage relied upon by the defendant in error was not dependent upon a mere legal presumption founded on cohabitation and repute, but the testimony on her behalf tended to establish such marriage as a fact.

5. Under the rules of law set forth above, and under the evidence, the jury were authorized to find that the first marriage of the defendant in error was null and void, for the reason that the husband in that reputed marriage had already become legally married in the State of South Carolina, and that consequently her subsequent marriage to the decedent whose estate is involved, prior to the marriage of the plaintiff in error to the decedent, was valid and binding, and that at the time of the death of the decedent the defendant in error was his lawful wife and was entitled to administer his estate. No error of law appears.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 21, 1930.

*W. H. Lewis, Hendrix & Buchanan,* for plaintiff in error.
*John W. Bolton, Lawton Nalley,* contra.