30012. McDONALD-HAYNES *v*. MINYARD.

DECIDED JUNE 8, 1943.

*Bussey, Fulcher & Hardin,* for plaintiff in error.

*Henry T. Chance, Roy V. Harris,* contra.

BROYLES, C. J. Mrs. Thelma Minyard filed with the Industrial Board a claim for compensation for the death of her husband, George K. Minyard. The hearing director granted compensation, and the award was affirmed by the board. The award was sustained by the judge of the superior court, and that judgment is assigned as error.

The first question for decision is whether the Industrial Board of Georgia had jurisdiction of the case. The undisputed evidence shows, that Fred McDonald and Ira Haynes, a partnership trading as "McDonald - Haynes," were engaged in the lumber business on February 12, 1942; that both partners lived in Richmond County, Georgia, and had a store at Martinez, Georgia; that this store furnished the supplies to the employees of the partnership who were engaged in cutting, sawing and hauling timber at Meriwether, South Carolina, across the Savannah River from Martinez, Georgia; that all of the employees (including the deceased) and the claimant were residents of that county; that the deceased was an employee of the partnership; that his death resulted from injuries received in an accident arising out of and in the course of his employment; and that the contract of employment of the deceased by the partnership was entered into in Richmond County, Georgia, there being no evidence as to any contract between the parties stipulating that the deceased was to work exclusively outside of Georgia. The material part (as to

this case) of the Code, § 114-411, reads as follows: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of the State." In *Metropolitan Casualty Insurance Co.* v. *Huhn,* 165 *Ga.* 667 (142 S. E. 121, 59 A. L. R. 719), where the employer was the Augusta Baseball Company, a Georgia corporation, and Emil Huhn, one of its employees, was killed in an accident in South Carolina, the court quoted the language of the Code, referred to above, and held that since the contract between the baseball company and Huhn was not expressly for services "exclusively outside of the State," the Industrial Commission of Georgia had jurisdiction of the case. Although the facts of that case are slightly different from those of this case, they are sufficiently alike to make its decision applicable here; and we hold that the Industrial Board of Georgia had jurisdiction to render the award complained of.

The only other question for consideration is whether "McDonald-Haynes" had regularly in service less than ten employees in the same business at the time of the accident in question. The undisputed evidence discloses that there were more than ten men at work cutting, sawing, and hauling timber at or near the sawmill in Meriwether, South Carolina, on the day of the accident. However, it was contended by McDonald-Haynes that only six or seven of those men were its employees, and that the other workers were the employees of one Connor, who they claimed was the owner of the sawmill and an independent contractor; and evidence in support of the contention was introduced. Other evidence, however, showed that all of the said workers were paid off by McDonald-Haynes at its store in Richmond County, and all had accounts with the partnership there and on pay-day got money in advance of the next pay-day. Although Connor testified that he had bought the sawmill from McDonald-Haynes, his testimony and that of the two partners in reference to the sale was conflicting. Connor stated that he bought the mill for $1250, and was

to pay for it at the rate of so much a thousand, as the lumber was cut; and that he completed his payments in August, 1941. One of the partners testified that Connor bought the mill for $1500, and was to pay for it in monthly payments, and fell behind with his payments; and that he finished paying for it in 1940. The evidence fails to show that any bill of sale or chattel mortgage or canceled bank check or any other paper was given to show that the sale was really made. The evidence further showed that McDonald-Haynes had a bank account, and that Connor had none. Under these circumstances we think that the hearing commissioner and the Industrial Board were authorized to discredit the testimony of Connor and the two partners of McDonald-Haynes in reference to the sale of the sawmill, and that the award of compensation complained of was properly affirmed by the judge of the superior court. In *Ocean Accident &c. Corporation* v. *Dean,* 44 *Ga. App.* 220 (160 S. E. 823), this court said: "A finding of fact by the Industrial Commission, within its power, is, in the absence of fraud, binding and conclusive upon all the courts, if there is any evidence whatever to support such finding. *Ocean Accident &c. Cor.* v. *Council,* 35 *Ga. App.* 632 (2) (134 S. E. 331), and cit. The testimony of the claimant in this case was sufficient to authorize the award made by the Industrial Commission in his favor, although his evidence was directly contradicted by the testimony of several other witnesses. The solution of the case being thus dependent upon the credibility of the witnesses, the award of compensation was not subject to be set aside either by the superior court or by this court." In *Mauney* v. *Collins,* 64 *Ga. App.* 330 (13 S. E. 2d, 97), cited by the plaintiff in error, the facts were quite different from those in the instant case. In that case this court held in effect that the evidence *demanded* a finding that one Cardell was an independent contractor, and that under the other facts of the case he was liable to the claimant for compensation, and "hence Collins was not liable," while in this case the evidence as to whether Connor was an independent contractor was in sharp conflict.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*