### 31929. CRAMER v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

GARDNER, J. ■ This is a workmen's compensation case wherein the award by a single director denied compensation. This award was appealed to the full board, which approved the award of the single director. The case was then appealed to the superior court. That court affirmed the award. Error is assigned here by the claimant on the judgment of the superior court affirming the award. The question here is one of jurisdiction, that is, whether or not under the facts, the Georgia State Board of Workmen's Compensation had jurisdiction. We have read the record carefully. We reach the conclusion that the statement of the case by the single director, his finding of fact, conclusions, and award are accurate, and we adopt them here:

"(a) Statement of case: For some time prior to the 18th day of November, this employee had been working on a construction job for H. C. Price Company in the State of Oklahoma. It appears that the employer in this case was engaged in construction work in the States of Oklahoma, Georgia, Alabama, and perhaps others. The job which had been in progress in the State of Oklahoma and on which this employee had been working was about finished by November 16, 1945, and the employee terminated his work on that job on or about the 16th of November.

"It appears from the evidence that this employee was told that he would be given additional work by this same employer on another of their jobs at Douglasville, Georgia, and that he was to drive certain of the heavy equipment which was being used in the construction work of his employer from Oklahoma to Douglasville, Georgia, and that said equipment was going to be used at the Douglasville, Georgia, job. On Saturday, November 17, 1945, this employee in company with his wife and another employee of H. C. Price Company left the State of Oklahoma driving the equipment which was to be transferred from Oklahoma to the Georgia job. At about 6:30 in the afternoon of November 18, 1945, when about a half mile east of Brinkley, Arkansas, it was raining, Mr. Cramer, the employee in this case, crawled out of the cab of the truck in which he was riding and which was being driven by his fellow employee and attempted to climb around the side of the cab to its rear for the purpose of getting a suitcase that was sitting behind the cab out of the rain. It appears from the evidence in this case that in some manner or other Mr. Cramer slipped and fell. The motor equipment in which he was riding was running slowly at this time, and after he fell the wheel of the motor equipment, on which was loaded a heavy tractor, passed over his body, instantly killing him.

"On July 10, 1946, Mary M. Cramer, the widow of the deceased employee, George C. Cramer, filed her claim for compensation with this board and asked for a hearing.

"The question presented in this case, under the facts thereof, is whether this board has any jurisdiction of this claim. It is to be noted that under the evidence in this case that this deceased employee was never in the State of Georgia; that his contract of employment was not

made in Georgia, and that he had never done any work for this employer within the territorial limits of this State. The most favorable thing that could be said in favor of the jurisdiction in this matter is that this employee was being sent from the State of Oklahoma to the State of Georgia for the purpose of doing work in Georgia, and that before he reached the boundaries of this State he was killed. Under the circumstances presented by the evidence in this case it would seem that this board is without power or jurisdiction to award compensation to the defendant widow of the deceased employee.

"Based on all of the evidence adduced upon the trial of this case I make the following:

"(b) Findings of fact: I find as a fact that on November 18, 1945, George C. Cramer was killed in an accident that arose out of and in the course of his employment. I further find as a fact that the said George C. Cramer was not a resident of the State of Georgia, nor was he ever in the State of Georgia; that he did no work for this employer within this State; and that his contract of employment with H. C. Price Company was not entered into in the State of Georgia. This employee had not engaged in any work within this State for H. C. Price Company, his employer, and the injuries from which he died were sus-- tained outside of the State of Georgia, and in the State of Arkansas. I further find as a fact that the contract of employment was executed outside of the State of Georgia.

"(c) Conclusions of law: Based on the above and foregoing findings of fact, I conclude as a matter of law that this board is without jurisdiction to award compensation to the dependents of the deceased employee, George C. Cramer.

"(d) Award: Wherefore, based on the above and foregoing findings of fact and conclusions of law, the application of Mary M. Cramer, as the dependent widow of the deceased employee, George C. Cramer, for the payment of compensation is hereby denied and her claim is dismissed. [Signed] . . Deputy Director."

■ This case is controlled by the decision of *Slaten* v. *Travelers Ins. Co.*, 197 *Ga.* 1 (28 S. E. 2d. 280), in response to a certified question from the Court of Appeals. The portion of that opinion dealing particularly with the question presented here is as follows: "But the employer here relies upon the provisions of the act found in the Code, § 114-411, for support for the contention that the entire provisions of the act are limited as to its extraterritorial operation as stated in that section. It must be observed that the Workmen's Compensation Act provides two methods whereby it shall become operative. By the Code, § 114-110, it is provided, without regard to whether any work has ever been performed within this State, that upon a mere execution of a contract in this State, in the absence of notice by the parties thereto of their rejection of the law, it becomes operative as to the employment embraced in the contract. Then in § 114-201 no mention is made of the execution of a contract, but it is there provided that actual work, in the absence of notice before an accident of a rejection of the law, is all that is required to make the act become operative and charge the parties with having agreed to abide by the act and to pay and receive

compensation as the act provides. This section takes no account of the formal execution of an employment contract, or of where the parties were when they executed the contract. It makes no difference whether they were in Georgia or even in the United States. It is sufficient to bring the act into operation as to them if they actually engage in work in this State. By coming into the State and engaging in work the parties thereby submit to its jurisdiction and write into their relationship the provisions of the compensation law obligating them to pay and receive on the basis prescribed by that law for all injuries to employees, no matter in what State sustained, so long as they result from accidents arising out of and in the course of the employment. On the other hand, under the Code, § 114-110, the State acquires jurisdiction only by the act of the parties in coming within the State to execute the contract of employment. In the absence of the making of a contract within the State, since no work thereunder in the State is required, the parties thereto could not be subjected to the terms of the Georgia law; for to do so would be to deny to them due process of law, as guaranteed by the State and Federal Constitutions. Code, §§ 1-815, 2-103. The formal making of a contract within this State could hardly be said in any case to constitute a more substantial submission to the jurisdiction of the State than the actual performance of the terms of such a contract by the parties within the State. The Code, § 114-411, very definitely requires that in cases where there has been no work within this State, a prerequisite to compensation for injury sustained without the State is that the contract of employment must have been made within this State. Without the making of the contract within this State, Georgia would have no jurisdiction of the parties. Georgia could not say to an employer residing in another State, who has never been or had a business within the boundaries of this State, and hence has no knowledge of the law of this State, that, because he executes a contract in a foreign State with an employee who resides in this State, he will be subjected to the terms of the statute of this State. Indeed, in such a case the compensation statute could not have become operative, because neither of the two methods provided in the act to bring it into operation, to wit, execution of a contract or actual work within the State, is present. But since under the terms of the law the execution of a contract as provided in the Code, § 114-110, and actual work as provided in § 114-201, serve the identical purpose, each is sufficient within itself to put the statute in operation, and to supply due process and confer jurisdiction." See *Slaten* v. *Travelers Ins. Co.*, 70 *Ga. App.* 665 (29 S. E. 2d, 98), written by this court in response to the answer of the Supreme Court to the certified question.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided May 6, 1948. Rehearing denied June 1, 1948.

*Moreton Rolleston Jr.*, for plaintiff.

*Neely, Marshall & Greene, A. C. Latimer*, for defendant.