20572. MARTIN *et al. v.* BITUMINOUS CASUALTY
CORPORATION *et al.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 13, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

477

*Albert P. Feldman, Smith, Field, Doremus & Ringel, Richard D. Carr, H. A. Stephens, Jr., J. Kelley Quillian,* for plaintiffs in error.

*Wilson, Branch & Barwick, M. Cook Barwick,* contra.

WYATT, Presiding Justice. 1. The claimants made a motion for continuance in the Superior Court of Fulton County, upon the ground that claimants had a claim pending before the Industrial Commission of Ohio, which might jeopardize the claimants' rights in the manner set out in the motion. The motion requested that the case in Georgia be continued pending the outcome of the claim in Ohio. The motion was denied. Claimants assign this ruling as error. There is no merit in this contention. The grant or denial of a continuance rests always

in the sound discretion of the trial court, and unless abused, will not be disturbed by this court. No abuse appears in this case.

2. The sole remaining question is whether the Georgia State Board of Workmen's Compensation has jurisdiction to award compensation in a case in which a Georgia employer employs a Georgia resident in Ohio, through an agent of the Georgia employer, to drive a truck loaded with freight from Ohio to Georgia, and the employee is killed in the course of his employment in Kentucky while en route to Georgia. Whether or not the Georgia Board has jurisdiction in this case is dependent upon the provisions of the Workmen's Compensation statutes and more especially, Code §§ 114-411 and 114-201. The three members of the Court of Appeals who were for affirmance of the judgment of the superior court and the board were of the opinion that the facts in the instant case brought it within the provisions of Code § 114-411, and that, under the opinion of this court in *Slaten* v. *Travelers Ins. Co.*, 197 *Ga.* 1 (28 S. E. 2d 280), since the contract had not been made in this State, the Georgia board was without jurisdiction to award compensation in this case.

However, *Slaten* v. *Travelers Ins. Co.* recognizes that, if the terms of the Georgia Workmen's Compensation Act are accepted as provided in Code § 114-201, injuries occurring outside the State are covered whether or not the provisions of Code § 114-411 are complied with. Code § 114-201 provides: "Every employer and employee, except as herein stated, shall be presumed to have accepted the provisions of this Title agreeing respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment and shall be bound thereby, unless, prior to any accident resulting in injury or death, notice to the contrary shall have been given in the manner herein provided. . . " There is no contention that either the employer or employee is within an excepted class.

Code (Ann.) § 114-101 defines employer and employee as follows: " 'Employer' shall include . . . any individual, firm, association, or corporation engaged in any business operated for gain or profit, except as hereinafter provided . . .

" 'Employee' shall include every person in the service of another under any contract of hire or apprenticeship written or implied, except one whose employment is not in the usual course of the trade, business, or occupation or profession of the employer and, except as hereinafter provided. . . " It is not contended that either the employer or the employee comes within any of the excepted classes contained in the act.

In the instant case we have a Georgia employer as defined in the above Code section and a Georgia resident who was employed to perform services in the trade, business, or occupation in which the employer was regularly engaged. He is thus an employee under the provisions of Code § 114-201. The fact that this employee was in Ohio where he had driven a truck from Georgia for his regular Georgia employer who owned the truck, and that the truck was leased in Ohio to Ohio-Southern Express for one trip from Cleveland, Ohio, to Griffin, Georgia, by which he became the employee of Ohio-Southern Express, makes him no less an employee of Ohio-Southern Express under the above Code sections. The record shows no notice to reject the act as provided in Code § 114-201. This section provides that, unless notice to the contrary is given, employers and employees alike will be presumed to have accepted its terms. There is nothing new or unusual in presuming that two Georgia residents are familiar with Georgia law and that they are subject to its provisions. The fact is that the record in this case shows that it was stipulated that Ohio-Southern Express "has accepted the provisions of Title 114 of the Code of Georgia." The Georgia State Board of Workmen's Compensation therefore had jurisdiction to award compensation in this case.

It is contended, however, that *Slaten* v. *Travelers Ins. Co.*, 197 *Ga.* 1, supra, requires a different result from that above reached. There is no merit in this contention. The facts in the *Slaten* case, and those appearing in the instant case are entirely different. In the *Slaten* case, the employee was a resident of Georgia, but the employer was a resident of another state, and the employee was employed in another state to work, as the contract was construed, entirely outside the State of Georgia. It was there held that the mere fact that the em-

ployee resided in Georgia, in and of itself with no other Georgia contacts, was not sufficient to give the Georgia board jurisdiction. This ruling was, of course, correct, but it does not control the instant case.

*Cramer* v. *American Mutual Liability Ins. Co.*, 77 *Ga. App.* 236 (47 S. E. 2d 925), another case relied upon by the defendant in error is likewise distinguishable on its facts. In the *Cramer* case, the employee was not a resident of Georgia and had never been in Georgia. The employer, in so far as appears, was not a resident of Georgia. In addition, as stated in the opinion of the board and quoted by the Court of Appeals, "The most favorable thing that could be said in favor of jurisdiction in this matter is that this employee was being sent from the State of Oklahoma to the State of Georgia for the purpose of doing work in Georgia, and that before he reached the boundaries of this State he was killed." This is entirely different from the instant case, where we have a Georgia employer employing a Georgia resident to perform work, part of which was in Georgia, in the usual course of his trade or business.

For the reasons above stated, we conclude that the Georgia State Board of Workmen's Compensation had jurisdiction to award compensation in this case.

*Judgment reversed. All the Justices concur except Duckworth, C. J., Head and Hawkins, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The stipulated facts establish beyond any question that the contract of employment under which the deceased employee was working at the time of his injury was executed in the State of Ohio, and that the only service he rendered under that contract was rendered outside the State of Georgia, and his injury occurred in the State of Kentucky. A simple reading of Code § 114-411 shows beyond all doubt that his injury was not covered by the Georgia compensation law. That section provides that, when an injury occurs outside this State, if it would have been compensable had it occurred within this State, it is compensable if the contract of employment had been executed in this State, and if either the employer or employee resided in this State. Thus it is seen that an indispensable requisite is that the employment contract

be executed in this State. The undeniable absence of this indispensable prerequisite in this case demands an affirmance of the judgment denying compensation.

On a factual case requiring a ruling on this precise question, the Court of Appeals has previously certified the matter to this court, and our answer in *Slaten v. Travelers Insurance Co.*, 197 1 (28 S. E. 2d 280), likewise demands a judgment of affirmance of the judgment denying compensation.

Half of the Judges of the Court of Appeals and a majority of the Justices of this Court seem to overlook the unambiguous provisions of Code § 114-411, and our full-bench decision on this precise question in the *Slaten* case. Apparently they have been led into their error by other facts in the record, such as that both the employer and employee resided in this State, the employer was subject to the jurisdiction of this State, and the employee had formerly been employed by a resident of this State; all of which completely and plainly fall short of the positive statutory prerequisite to compensation, that the employment contract must have been executed in this State. Code § 114-411. They overlook the fact that this employee had never been within this State subsequently to his contract of employment made in Cleveland, Ohio. Cases should never be decided upon what judges think the law should be, for justice requires that judgments be based upon what the law is. If a change in the law is needed, the legislature alone must decide that fact and also make the change; but until it does, the courts are bound to apply the law as it is without philosophizing as to what the court thinks it should be. The disposition of this case is a most unhappy and unsatisfying situation. The question decided is by no means put at rest, for even now both the Court of Appeals and this court must face both the statute (Code § 114-411) and the full-bench decision, by which all are bound, in *Slaten v. Travelers Insurance Co.*, 197 *Ga.* 1, supra, and I feel that I have no choice under my oath of office but to follow both. I therefore dissent for the reasons stated above. I am authorized to state that Head and Hawkins, JJ., concur in this dissent.

MOBLEY, Justice, concurring. I have made a careful study of

the record in this case on the motion for rehearing, in an effort to determine whether this case is controlled by the *Slaten* case. *Slaten* v. *Travelers Insurance Co.*, 197 *Ga.* 1 (28 S. E. 2d 280). The decision in that case points out that jurisdiction of compensation cases may be conferred by Code §§ 114-110, 114-201, or 114-411; and it states: "As to those employees who have accepted the terms of our statute by the method prescribed in the Code, § 114-201, the provisions of § 114-411 have no application, and the execution of a contract of employment within this State is not necessary to entitle them to receive compensation for injuries received outside the State."

The question here is: Where a Georgia employer has accepted the act, and a Georgia resident makes a contract outside the State to perform work for the employer, a part of which work is to be performed in Georgia, and such employer does not reject the provisions of the act, does he come within Code § 114-201 at the time he begins performance of the contract but before he performs any part of the work in Georgia?

I am of the opinion that, when he enters the contract and begins the performance of the work, even though outside the State of Georgia, without rejecting the act, he then automatically comes under the Georgia Workmen's Compensation Act, under the provisions of Code § 114-201. Of course, where none of the work is to be performed within the State, the employee would not, by entering a contract with the employer and beginning the performance of his work, subject himself to the Georgia law unless he came under the act under Code § 114-411; but when he enters the contract of employment to perform work in Georgia and begins the performance of that work in another State, which would have taken him into the State of Georgia in the performance of his work, except for the accident, this amounts to an acceptance of the Georgia act by him, where he does not expressly reject the provisions of the act. Nothing herein, in my opinion, is inconsistent with the ruling made in the *Slaten* case, but is in harmony therewith. This position is, in my opinion, supported by the statement in the *Slaten* case: "In the absence of the making of a contract within the State, *since no work thereunder in the State is required,* the parties

thereto could not be subjected to the terms of the Georgia law . . ." (Emphasis ours.) See 99 C. J. S. 167, § 25, in which the *Slaten* case and cases from other jurisdictions are cited in support of the statement that "Generally speaking, no recovery can be had under the workmen's compensation act of a state if neither the injury occurred nor the contract of employment was made in the state, at least where no part of the work is, or is to be, performed therein . . ."