37896, 37897. NEW AMSTERDAM CASUALTY COMPANY *et al. v.* THOMPSON; and *vice versa.*

DECIDED NOVEMBER 13, 1959.

Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., for plaintiffs in error.

H. T. Abbott, Hamilton Lokey, contra.

CARLISLE, Judge. ■ The plaintiff in error makes eight assignments of error in this court, the first of which is that the State Board of Workmen's Compensation is without jurisdiction of the claim. The seventh and eighth assignments of error, which are closely related to the first, raised the issue that the board erred in allowing the claimant to withdraw a portion of her stipulation of fact to the effect that the contract of employment between the employer and her husband was exclusively for services within certain designated counties of South Carolina, and in allowing testimony and documentary evidence to be introduced for the purpose of disproving that stipulation of fact. In the view which we take of the matter, it is immaterial that this stipulation of fact was withdrawn and that evidence was introduced "disproving" the stipulation. While it is true that the written contract between the employer and employee as originally drawn specified that he was to act as a salesman for the company in 14 counties of South Carolina, this contract also contained a provision against any waiver or alteration in the agreement except in writing but this provision expressly excluded from its force and effect any alteration by way of expansion or reduction of the territorial area to be traveled by the employee, and provided that this change might be made mutually by the company and the salesman verbally without otherwise voiding the agreement. It is axiomatic that, where a subsequent agreement is founded on consideration, a prior written contract may be modified or changed by such subsequent parol agreement between the parties. Evans v. Henson, 73 Ga. App. 494 (3) (37 S. E. 2d 164); Verner v. McLarty, 213 Ga. 472, 475 (99 S. E. 2d 890). The subsequent performance by the employee in entering the additional territory verbally agreed on and making sales therein and the payment by the company of commissions therefor was sufficient consideration to support the new or amended agreement.

The stipulation in this case is that the contract under which John Russell Thompson was employed by Hill Manufacturing Company was exclusively for services within certain designated counties in the State of South Carolina. Even if this stipulation had not been withdrawn, it was competent for the claimant to prove that this contract had been modified by a subsequent parol agreement that he would work also in some other place. Such proof was not necessarily in conflict with the stipulation, which on its face relates merely to the original contract under which Mr. Thompson went to work. It follows that the board did not abuse its discretion under the circumstances in this case in allowing the claimant to withdraw the stipulation referred to and in thereafter allowing the claimant to introduce evidence of a subsequent parol modification of the contract under which the deceased was to perform services in selling the company's products to certain designated accounts in and around Summerville, Georgia. This evidence having been properly introduced, it authorized a finding that, at the time Mr. Thompson met his death, he was working under a contract entered into in Georgia for an employer whose principal place of business was in Georgia, and that his contract of employment was not exclusively for services outside the State of Georgia. Accordingly, under this evidence the State Board of Workmen's Compensation of Georgia had jurisdiction of the case. Code § 114-411. *Metropolitan Casualty Insurance Co. of New York* v. *Huhn,* 165 *Ga.* 667, 670 (1) (142 S. E. 121, 59 A. L. R. 719) ; *Slaten* v. *Travelers Ins. Co.,* 197 *Ga.* 1 (28 S. E. 2d 280) ; *McDonald-Haynes* v. *Minyard,* 69 *Ga. App.* 479 (26 S. E. 2d 138) ; *Murphey* v. *American Mutual Liability Ins. Co.,* 70 *Ga. App.* 598 (28 S. E. 2d 876) ; *Cramer* v. *American Mutual Liability Ins. Co.,* 77 *Ga. App.* 236 (47 S. E. 2d 925).

Under the evidence adduced on the hearing, there is a further and equally strong reason why the board properly took jurisdiction of this case. The evidence shows that the defendant insurance carrier had written workmen's compensation insurance for the Hill Manufacturing Company, the employer for nine or ten years, and all during the time in which Mr. Thompson was employed by that company as a salesman. The premiums charged and the rates thereof were fixed in accordance with an-

nual audits had of the employer's books by auditors on behalf of the insurance company, and the evidence showed that at all times during Mr. Thompson's employment the compensation paid to him by the company was taken into consideration in the fixing of these rates. No contention was made by the insurance company that there had been any adjustment in the rates on account of variances in the benefits provided under Georgia and South Carolina law. Under these circumstances, the provisions of the second paragraph of Code § 114-607 are applicable. This Code Section provides in part that: "An insurer who issues to an employer subject to this Title a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee or to the dependents of a deceased employee for a compensable accident as if the employer and/or the employee were subject to this Title, the policy of compensation insurance constituting a definite contract between all parties concerned." Under this Code section and under the facts of this case the insurance carrier was estopped to contend that Mr. Thompson was not an employee within the meaning of the Georgia Workmen's Compensation Act, and that the Georgia State Board of Workmen's Compensation did not have jurisdiction to award compensation to his dependents. *Maryland Casualty Co.* v. *Wells*, 35 *Ga. App.* 759 (1) (134 S. E. 788); *Employers' Liability Assurance Corp.* v. *Henderson*, 37 *Ga. App.* 238 (1) (139 S. E. 688); *Liberty Mutual Ins. Co.* v. *Henry*, 56 *Ga. App.* 868 (194 S. E. 430). It follows that the judge of the superior court did not err in overruling the first, seventh and eighth contentions or assignments of error of the defendant employer and insurance carrier.

■ It is contended that the claimant failed to carry the burden of proving that John R. Thompson died as the result of an accident arising out of and in the course of his employment, and that the evidence showed conclusively that he died as a result of his own wilful misconduct. The evidence shows that Thompson's death occurred on Monday, March 18, 1957, at about 3:07 p.m. He lived in Conway, Horry County, South Carolina, at a place which, under the evidence, is about 12 miles from Myrtle

Beach. On Sunday prior to his death, Thompson had played cards in Myrtle Beach at the home of one of the witnesses all afternoon and up until 4 o'clock Monday morning. The evidence is not clear as to whether he played cards between 6:30 or 7 and midnight, but it shows that the game was at least resumed about midnight and ran until 4 o'clock in the morning. The witnesses as to this testified that Mr. Thompson did not drink alcoholic beverages while playing cards, and another witness testified that Mr. Thompson did not drink, meaning that he was not a user of alcoholic beverages at all. After the card game broke up he went to bed at his friend's (the witness's) home in Myrtle Beach, arose about 8 o'clock and apparently went out to work at his job as a salesman for the defendant company. At 2:30 in the afternoon he had an appointment with one of the witnesses to demonstrate to the witness one of the products manufactured by his employer and sold by him. When he arrived at this witness's place of business he discovered that he had inadvertently left the product which he desired to demonstrate at his home in Conway, 12 miles away, and he left informing the witness that he would go home and get the product and be back in a short while to make the demonstration. Approximately 30 minutes later his car ran off a 25-foot fill into a body of water on the right-hand side of the road headed toward Myrtle Beach, and he was trapped inside and drowned. Witnesses testified that the tire marks on the road where the car ran off the road and the position of the car in the water indicated that it was traveling in the direction of Myrtle Beach at the time it ran off the road. No actual eye witnesses to the accident testified. Under this evidence a finding was authorized that the death of Thompson arose out of and in the course of his employment and that he was at a place where he might reasonably have been expected to be at that time. *Globe Indemnity Co.* v. *MacKendree,* 39 *Ga. App.* 58 (146 S. E. 46); *Employers' Liability Assurance Corp.* v. *Montgomery,* 45 *Ga. App.* 634 (165 S. E. 903); *Mitchem* v. *Shearman Concrete Pipe Co.,* 45 *Ga. App.* 809, 810 (2) (165 S. E. 889). There was no evidence that Mr. Thompson was in any way violating any traffic laws at the time his automobile ran off the road, and there is no presumption that he was.

*New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682, 687 (118 S. E. 786).

As has been noted already, there was no evidence that Mr. Thompson was drinking at any time. This court cannot say as a matter of law that the fact that he sat up the previous morning until 4 o'clock and got only three and a half hours of sleep before going out and going to work, even if such fact had a causal connection with his running the automobile off the road at 3 o'clock in the afternoon, constituted such misconduct on his part as to bar his dependents from receiving compensation on account of his death when, under all the other circumstances, they would otherwise be entitled to it.

If it must be said that some of the evidence which was introduced to show that Mr. Thompson was, at the time he was killed, on his way back to Myrtle Beach from Conway for the purpose of demonstrating to a prospective purchaser some of his employer's products, was hearsay because it was based on information obtained from statements made by Mr. Thompson himself, such evidence was, nevertheless, admissible under the recognized exception that such evidence is admissible to explain conduct and ascertain motives. As such, it was original evidence and was not hearsay. Code § 38-302. *Southern Railway Co.* v. *Tudor*, 46 *Ga. App.* 563, 574 (5) (168 S. E. 98).

■ One of the main contentions of the defendant is that the evidence absolutely demanded a finding that the claimant here was not the lawful wife of Mr. Thompson. This contention is based on her testimony which in substance was to the effect that she had previously been married to a man named Taylor, and that in 1933 or 1934 she was a resident of Conway, South Carolina, and Taylor was a resident also of South Carolina, and that she obtained a divorce from him in Fulton County, Georgia, and that she never lived in the State of Georgia prior to obtaining this divorce. She further testified that she never instituted any divorce proceedings anywhere else; that she was never served with any divorce proceedings on behalf of her husband; that he knew where she was at all times; that he visited her daughter, who also lives in Conway, South Carolina, and who is now married, but that she had not seen him in several years.

This evidence conclusively showed that the claimant here was not the lawful wife of Mr. Thompson. Under the evidence, the Superior Court of Fulton County never acquired jurisdiction to grant a divorce to her, she not having established residence in this State for twelve months immediately prior to filing her petition. Code (Ann.) § 30-107. Prior to the act approved February 17, 1950 (Ga. L. 1950, p. 429), such twelve months residency was a condition precedent to jurisdiction. *Gates* v. *Gates*, 197 *Ga.* 11, 17 (28 S. E. 2d 108). Any judgment which she might have obtained in Fulton County, Georgia, purporting to grant her a divorce from Taylor, under the facts as testified to by her, was a mere nullity. Judgments of courts having no jurisdiction of the person or subject matter are void, and they may be so held in any court when it becomes necessary or material to the interest of the parties to so hold. Code § 110-709. It follows that at the time of the death of Mr. Thompson the claimant was not his lawful wife, and she could not, therefore, be his lawful widow and, consequently, she was not entitled in her own right to the benefits of compensation under the Workmen's Compensation Act. *Merry Brothers Brick & Tile Co.* v. *Holmes*, 57 *Ga. App.* 281, 285 (195 S. E. 223); *Reese* v. *American Mutual Liability Ins. Co.*, 67 *Ga. App.* 420 (2) (20 S. E. 2d 773).

The deputy director in his award acknowledged the existence of all the facts to which we have referred, and he found as a matter of fact that the purported Fulton County, Georgia, divorce was not a valid divorce, but he further found that the claimant had been in good faith in marrying John Russell Thompson, and that at the time of his death on May 18, 1957, she was his legal wife, citing in support thereof *Bituminous Casualty Corp.* v. *Wacht*, 84 *Ga. App.* 602 (66 S. E. 2d 757), and *Johnson* v. *Johnson*, 96 *Ga. App.* 84 (99 S. E. 2d 352). In the *Wacht* case, the question as to the validity of the claimant's second marriage arose by reason of the fact that she had married after a divorce decree had been granted to her former husband, in which decree the claimant had been prohibited from re-marrying. The claimant there, not having actual knowledge of her disability, contracted a second marriage in the State of Alabama. The court applied the rule that a decree prohibiting

the guilty party in a divorce case from re-marrying is without effect outside the territorial limits of the State wherein such decree is rendered. It, therefore, concluded that it would not apply that prohibition against the claimant so as to bar her recovery of compensation. Clearly, this case is not like the case at bar.

In the *Johnson* case, the court applied the rule with regard to the presumption in favor of the second marriage, as it existed prior to the act approved February 22, 1957 (Ga. L. 1957, p. 83). (It will be noted that while the *Johnson* case was decided on June 17, 1957, it related to a trial in a year's support case had on January 26, 1957, which was prior to the enactment of the aforesaid act.) This act, which amended Code § 53-102 (1), had the effect of changing the presumption as to the validity of the second marriage, since it provides that the dissolution of a previous marriage must be affirmatively established and will not be presumed, and it had the effect of changing the procedure in all cases where it becomes material to consider the validity of a second marriage and places the burden of proof, once a former marriage has been shown, on the party asserting its dissolution. *Liberty Mutual Ins. Co. v. Ellis,* 99 *Ga. App.* 486 (1) (109 S. E. 2d 70). It follows that the rule announced in the *Johnson* case and applied by the deputy director in this case is no longer the law in this State. Good faith or ignorance of the parties to the second marriage as to the true facts does not change the rule. *Clark v. Cassidy,* 62 *Ga.* 407 (5).

However, while the aforesaid rule will require a reversal of the case inasmuch as the award granting compensation to Katherine Virginia McCoy Thompson is illegal, direction will be given that the case be remanded to the board with instructions to enter such award as is authorized by the evidence in favor of the claimant as guardian for the minor daughter of the deceased employee. In this connection, attention is called to the last sentence of subdivision (1) of Code § 53-102, as amended by the 1957 act above referred to.

■ Under the facts of this case this court cannot say that the State Board of Workmen's Compensation abused its discretion in remanding this case to the deputy director in order that addi-

tional evidence might be taken. *American Mutual Liability Ins. Co. v. Hardy*, 36 *Ga. App.* 487, 491 (137 S. E. 113).

■ The cross-bill of exceptions assigns error on the refusal of the superior court to award statutory penalties and attorney's fees to the claimant against the employer and insurance carrier on the ground that the defendants had prosecuted the appeals in this case without reasonable grounds. Under the provisions of Code (Ann.) § 114-712, the award of these fees is within the discretion of the State Board of Workmen's Compensation or of the superior court where application therefor has been made before the board or the court. Under this Code section the award or denial of these fees lies largely within the discretion of the board or of the judge of the superior court. This court ought not to interfere with the exercise of such discretion, except in cases where the basis for the appeal is so palpably without merit as to demand a finding that the appeal was frivolous and unfounded. This court is unwilling to make such a finding in the instant case.

*Judgment reversed with direction on the main bill of exceptions. Judgment affirmed on cross-bill of exceptions. Gardner, P. J., and Townsend, J., concur.*