38863.   ZURICH INSURANCE COMPANY *et al.*
v. CRAFT.

DECIDED JUNE 1, 1961—REHEARING DENIED JUNE 19, 1961.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams,* for plaintiffs in error.

*J. Richmond Garland, M. T. Hartman III,* contra.

NICHOLS, Judge. ■ Under the decision in *Aetna Cas. &c. Co. v. Pulliam,* 99 Ga. App. 406 (108 S. E. 2d 823), the finding that the deceased employee died of an accidental injury arising out of and in the course of his employment was authorized.

■ Both the claimant and the deceased had been married previously, and the contention of the employer and insurer is that no marriage existed between the claimant and the deceased at the time of the death of the deceased because of previous undissolved marriages. The finding of fact with reference to such marriages was as follows, and such finding of fact is supported by the evidence. "From the documentary evidence, I find the claimant was married to Dewey J. Hill on October 5, 1919. She sued for divorce in March, 1920, alleging that the defendant was then residing in Rock Springs, North Carolina. The undefended divorce action resulted in a verdict for the defendant, and a motion for new trial was granted in October, 1920. Claimant married Dewey Rogers on September 17, 1923, and was granted a divorce on October 9, 1928. She married James Sanders whom she divorced on December 2, 1943, and George Griffin whom she divorced on May 25, 1948. On July 2, 1948, she married the employee, Alton Ray Craft, and lived with him until his death. Craft had also been twice previously married, once to Jessie Mae Craft who died on January 18, 1945, and once to Leona Craft who divorced him on April 25, 1949."

Each marriage was entered into as a ceremonial marriage and there was no evidence that the claimant had any knowledge of the pre-existing undissolved marriage of the deceased to Leona Craft. While the ceremonial marriage of the claimant and the deceased, at a time when the deceased had a living wife, was a nullity at its inception, yet when Leona Craft divorced the deceased in 1949 and the deceased and the claimant continued to live together as man and wife a valid marriage came into

existence and continued in existence until the death of the deceased. See *Brown v. Sheridan,* 83 Ga. App. 725 (64 S. E. 2d 636) ; *Johnson v. Johnson,* 96 Ga. App. 84 (99 S. E. 2d 352), and citations.

The employer and insurer concede that the above is correct but contend that the claimant was also unable to contract a valid marriage because she had a living husband at all times since her marriage to Dewey J. Hill on October 5, 1919, and that therefore the claimant was herself unable to contract a valid marriage so that the cohabitation of the claimant and the deceased could not have ripened into a valid marriage when Leona Craft divorced the deceased.

Such contention is without merit. In 1957 the Genral Assembly enacted the following statute: "1. Previous marriage undissolved. The dissolution of a previous marriage in divorce proceedings must be affirmatively established and will not be presumed." *Code* § 52-102 as amended by the act of 1957 (Ga. L. 1957, p. 83). In *Liberty Mutual Ins. Co. v. Ellis,* 99 Ga. App. 486 (109 S. E. 2d 70), Judge Quillian, now Justice Quillian, said with regard to such section, "The language of the quoted Code section is explicit that where there is proof that one of the parties to a ceremonial marriage has a living spouse, there is no presumption that a divorce has been previously granted dissolving the former marriage." In *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 685 (112 S. E. 2d 273), the language to the effect that under such act the burden of proving that any *prior marriage* has been dissolved is upon the party asserting a dissolution is too broad for it is only where there is evidence of a living spouse that such rule comes into play, and the general rule, as exemplified by the holding of the Supreme Court in *Murchison v. Green,* 128 Ga. 339 (57 S. E. 709, 11 L. R. A. (NS) 702), is modified.

Claimant proved a ceremonial marriage to the deceased and no evidence that Hill was still in life was adduced. When the claimant introduced evidence of a ceremonial marriage to the deceased a presumption arose that such marriage was valid, and the burden of evidence (not the burden of proof which remains the same throughout the case, *Central of Ga. Ry. Co. v. Hes-*

*ter,* 94 Ga. App. 226, 94 S. E. 2d 124, and citations), shifted to the employer and the insurer. If evidence had been adduced to show that Hill, the claimant's first husband, was alive, then the burden of evidence would have reverted to the claimant to show that such marriage had been dissolved by divorce. However, mere evidence of the fact claimant had been previously married would not shift the burden to the claimant, for the presumption that the marriage of the claimant to the deceased was valid was not overcome or even rebutted. The award of compensation was authorized, and the superior court did not err in affirming such award.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*