40138. FENSTER v. LIBERTY MUTUAL
INSURANCE COMPANY et al.

FELTON, Chief Judge. 1. Under the State Workmen's Compensation Act an employee whose contract of employment was "expressly for service exclusively outside of the State" is not entitled to compensation for an accident which happens while he is employed elsewhere than in this State. *Code* § 114-411.

2. Findings of fact in an award of the State Board of Workmen's Compensation acting within its power, are, in the absence of fraud, conclusive on the reviewing court if they are supported by any evidence. See cases annotated under *Code* § 114-710, catchwords "Conclusiveness of findings."

3. Where the evidence adduced before the deputy director showed that the plaintiff employee, at the time he sustained his injury, was employed outside of this State by an employer doing business in Atlanta, under a contract executed and entered into in Georgia, under which contract the employee was hired as a salesman for a specific territory, all of which was outside of this State, and that as soon as he was assigned his territory he moved his residence within his territory, commenced working under the sales manager for that region and at no time performed services for his employer within Georgia, the finding of fact by the deputy director and the full board on appeal, that the plaintiff's contract of employment was expressly for service exclusively outside of the State and hence that the Georgia Board of Workmen's Compensation did not have jurisdiction of the case, was conclusive on the superior court and on this court. Nothing in the cases of *Slaten v. Travelers Ins. Co.*, 197 Ga. 1 (28 SE2d 280) and *Martin v. Bituminous Cas. Corp.*, 215 Ga. 476 (111 SE2d 53) requires a different result from that above reached because these cases can be distinguished by their facts from the instant case. In the *Slaten* case, supra, the employee had actually engaged in work in this State and the court held that this was sufficient to constitute acceptance of the terms of the act by the method prescribed in *Code* § 114-201, whereas in the case at bar the employee had not engaged in any work for this employer in the State, having been only in training with the employer for his duties outside of this State, which he assumed after his training was completed. In the *Martin* case, supra, the contract was to perform a part of the work in Georgia, whereas in the instant case the only contact apparently maintained with the Atlanta headquarters was the reporting in of sales, sending in of orders, and other such transactions which were done by mail and did not amount to service within the State.

The court below did not err in its judgment affirming the award of the full board denying compensation.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED MAY 23, 1963.

Daniel B. Clark, for plaintiff in error.

Greene, Neely, Buckley & DeRieux, Burt DeRieux, contra.