63083. RAMIREZ v. BRADLEY CONSTRUCTION COMPANY
et al.

BIRDSONG, Judge.

This is a workers' compensation case involving the interpretation of Code Ann. § 114-411 which reads as follows: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of the State: Provided, however, that if an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Title." We are concerned in the case sub judice with that part of Code Ann. § 114-411 which reads as follows: "Provided, his contract of employment was not expressly for service exclusively outside of the State."

If claimant's contract of employment was not for service expressly and exclusively outside the state, then claimant should recover. To the contrary, if the contract of employment was for service expressly and exclusively outside the state, claimant cannot recover.

The administrative law judge, the full Board and the superior court judge all found that the claimant was not entitled to compensation by reason of the fact the employment was for service exclusively outside of the State of Georgia.

Findings of fact in an award of the State Board of Workers'

Compensation acting within its power, are, in the absence of fraud, conclusive on the reviewing court if they are supported by *any evidence.* On appeal, evidence is construed in a light most favorable to the party prevailing before the Board, and every presumption towards validity of the Board's award is indulged. *Howard Sheppard v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

There being no fraud shown in this case and there being some evidence to support the finding of the administrative law judge, the Board and the superior court, we must affirm. *Howard Sheppard v. McGowan,* supra; see *Fenster v. Liberty Mutual Ins. Co.,* 107 Ga. App. 821 (131 SE2d 564).

Appellant's contention that Bradley Construction Co. is estopped to deny coverage under Code Ann. § 114-607 and *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677 (112 SE2d 273) is without merit. The Board ruled, in a finding supported by evidence, that under Code Ann. § 114-411, it was without jurisdiction in the case. That being so, and being contrary to the factual circumstances and ruling in *New Amsterdam,* a theory of estoppel under Code Ann. § 114-607 cannot confer liability where no jurisdiction exists.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 3, 1982 —
REHEARING DENIED MARCH 22, 1982 — ▮

*G. Thomas Davis, Virginia R. Harper,* for appellant.
*E. Harold Stone, Robert W. Chesney,* for appellees.