PENNAMAN *v.* PENNAMAN.

</div>

BECK, P. J.    1. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Civil Code (1910), § 2975. The right to the recovery of alimony depends upon a valid, subsisting marriage between the applicant and the husband out of whose estate the allowance of alimony is claimed. And where suit is instituted for the recovery of alimony, and it appears that at the time of the ceremonial marriage of the applicant to the alleged husband either of the parties to the ceremony had a living spouse, the marriage was void,— there was no valid marital relation existing between them; and alimony was not recoverable.

2. Although the applicant and the alleged husband lived together some twenty-five or thirty years after the marriage ceremony between them was performed; inasmuch as the disqualification to marry was not removed, the husband was not estopped from setting up the invalidity of his marriage to the plaintiff in the suit for alimony.

(a) Whether or not he would have been estopped if the woman to whom he was legally married had died and his disqualification had been thus removed, and the disqualification of the applicant had also been removed, so that they might have contracted marriage, and he and the applicant had continued to live together as man and wife, is not decided.

(b) The facts in the case of *Dillon* v. *Dillon*, 60 *Ga.* 204, are so materially different from the facts in the present case that it is unnecessary to discuss them; and the ruling there made will not be extended so as to include a case like the one at bar.

<div align="center">

*Judgment affirmed. All the Justices concur.*

No. 2896.  JUNE 16, 1922.

</div>

Application for alimony.  Before Judge R. C. Bell.  Dougherty superior court   September 17, 1921.

*H. A. Peacock* and *J. B. Lanier,* for plaintiff.

*R. H. Ferrell* and *Claude Payton,* for defendant.