BAKER v. BAKER.

No. 6810. APRIL 11, 1929. REHEARING DENIED MAY 18, 1929.

*Hutcheson & Bellinger, J. Mallory Hunt,* and *Sara C. M. Torbert,* for plaintiff.

*W. E. Arnaud* and *J. K. Jordan,* for defendant.

BECK, P. J. Mrs. Willie Mae Baker brought suit against Mrs. Mittie F. Baker, to recover lands and other property. At the conclusion of the evidence introduced on the trial the court directed a verdict in favor of the defendant. The petitioner claims title as "the wife and sole heir at law of A. H. Baker," and her right to recover depends upon the proof of the fact that she was the wife and sole heir of A. H. Baker. From the evidence introduced on the trial it appears that a ceremonial marriage between petitioner and A. H. Baker took place on December 25, 1925; but it also appears from the petitioner's own testimony that in February, 1910, she married John F. Finley, who is still in life. On June 6, 1916, John F. Finley obtained a total divorce from the plaintiff in this case; and the jury trying the divorce case, on the second verdict, made the following finding: "We, the jury, find that John F. Finley shall be allowed to remarry, but that said Willie Mae Finley be not allowed to remarry."

By the ceremonial marriage between Baker and the plaintiff the latter did not become the wife of Baker so as to inherit his property upon his death. "When a divorce is granted, the jury rendering the final verdict shall determine the rights and disabilities, subject to the revision of the court." Civil Code, § 2964. And there is authority found in our constitution for this statute. Article 6, section 15, paragraph 2, of the constitution of this State reads as follows: "When a divorce is granted, the jury rendering the final verdict shall determine the rights and disabilities of the parties." Code, § 6537. *Montfort* v. *Montfort*, 88 *Ga.* 641 (15 S. E. 688). In the divorce case between Finley and the plaintiff in this case the jury did determine the rights and disabilities of the parties, and under their verdict the plaintiff could not contract a valid marriage at the time of the ceremonial marriage with Baker, never having been relieved of her disabilities, and Finley still being in life. Consequently she could not recover in this action, and the court did not err in directing a verdict against her.

*Judgment affirmed.* *All the Justices concur.*