## 27898. MONTGOMERY v. GABLE.

DECIDED FEBRUARY 15, 1940. REHEARING DENIED MARCH 7, 1940.

*Barry Wright, Wade C. Hoyt Jr.,* for plaintiff.
*Maddox & Griffin,* for defendant.

FELTON, J. Myra Montgomery, alleged widow of John Montgomery, applied for letters of administration of his estate. Annie Mae Gable, the alleged daughter and sole heir at law of the deceased, filed a caveat, which the court, trying the case without a jury on a consent appeal, sustained, to which judgment the alleged widow excepted. There was an agreed statement of facts, in substance as follows: John Montgomery and Janie (the first wife) were married in 1913, and had one child, Annie Mae, the defendant in error. In January, 1926, Janie was awarded a total divorce, and the verdict and decree specified that John be not allowed to remarry. No attempt was made to remove the disability. In November, 1926, John married Myra Chambers in Alabama under an Alabama license. They knew each other about a year before the marriage, first when Myra was living in Georgia. John followed her to Alabama, told her he was divorced, and they married and returned to Georgia to live.

1. Statutes prohibiting the guilty party to a judgment of divorce from marrying again are without effect outside of the territorial limits of the prohibiting State. 5 R. C. L. 1004; 12 C. J. 468; Loughran *v.* Loughran, 292 U. S. 216 (54 Sup. Ct. 684, 78 L. ed. 1219); Fisher *v.* Fisher, 250 N. Y. 313 (165 N. E. 460, 61 A. L. R. 1524).

2. The first sentence in Code § 53-214, "all marriages solemnized in another State by parties intending at the time to reside in this State shall have the same legal consequences and effect as if solemnized in this State," can have no extraterritorial application to a citizen of another State who in good faith contracts in that State a marriage with a resident of Georgia who is laboring under the disability of not being allowed to marry again in Georgia. There is no evidence in this case that the alleged second wife was not a bona-fide resident of Alabama at the time she married

the deceased, or that the parties entered into the marriage for the purpose of evading the laws of Georgia, so as to make applicable the second sentence in § 53-214, which is as follows: "Parties residing in this State may not evade any of the provisions of its laws as to marriage by going into another State for the solemnization of the marriage ceremony." The court erred in sustaining the caveat.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*