## YORK *v.* YORK.

WYATT, Justice. 1. The only reference to the general grounds of the motion for a new trial made by counsel for the plaintiff in error in his brief is as follows: "Plaintiff in error respectfully insists that the finding of the jury in the case in favor of the plaintiff is without any evidence to support it, and is contrary to law, there being no

evidence in the record to show any force or duress as contemplated by law." We deem it sufficient to say that the evidence did authorize the grant of a divorce on the ground of duress. The jury did so. The trial judge affirmed their verdict. He did not abuse his discretion.

2. A divorce having been granted on the ground of duress, this amounted to a finding by the jury that no actual contract of marriage ever existed. See the Code, § 53-103.

(a) The existence of a valid marriage is essential to the recovery of alimony. See *Pennaman* v. *Pennaman*, 153 *Ga.* 647 (112 S. E. 829); *Foster* v. *Foster*, 178 *Ga.* 791 (174 S. E. 532). Since the jury granted the divorce on the ground of duress, it becomes unnecessary to inquire into the alleged errors in the charge of the court on the question of alimony.

3. In ruling upon the admissibility of evidence, the trial judge said: "I think it is a circumstance leading up to it; I overrule the objection." This language did not amount to the expression of an opinion.

4. The trial judge, in ruling upon objections to certain testimony, said: "Any evidence that throws light on duress would be admissible; anything else would not be, and I believe I will sustain the objection and exclude that part of it in the present state of the record." This language was not an expression of opinion to the effect that evidence favorable to the plaintiff was admissible while evidence favorable to the defendant was not admissible.

*Judgment affirmed. All the Justices concur.*

No. 15687. FEBRUARY 4, 1947. REHEARING DENIED MARCH 20, 1947.

*Stafford Brooke,* for plaintiff in error.
*D. W. Mitchell, J. C. Mitchell,* and *W. H. Bolling,* contra.