BELL *v.* BELL.

No. 16781. OCTOBER 10, 1949. REHEARING DENIED NOVEMBER 18, 1949.

*Frank Grizzard, B. B. Zellars,* and *William Hall,* for plaintiff.

*Swift Tyler, Harvey Tysinger,* and *Marvin O'Neal Jr.,* for defendant.

HEAD, Justice. In *Huguley* v. *Huguley,* 204 *Ga.* 692 (2) (51 S. E. 2d, 445), it was held: "Under the act of 1946 (Ga. L. 1946, p. 90), it is only in cases where a divorce is granted that a petition to modify or set aside a verdict or judgment must be

filed within thirty days as a prerequisite to any review in the Supreme Court. Where a divorce is denied, a review by a motion for new trial, without such petition to modify or set aside, is an available procedure authorized by the Code, § 30-130." In the *Huguley* case (at page 697), it was pointed out that this ruling was contrary to a statement made in *Gault* v. *Gault*, 204 *Ga.* 205 (48 S. E. 2d, 819).

Counsel for the plaintiff in error (plaintiff in the court below) states that the written motion seeking to review the directed verdict and judgment was drafted prior to the decision of this court in the *Huguley* case, that it contains all the necessary elements of a motion for new trial, and that a brief of the evidence is attached thereto. An examination of the motion shows that, while it is denominated a motion to "modify and set aside," it contains the usual general grounds of a motion for new trial, with several other grounds, and prays that another jury trial be granted. Since the motion is, in substance, the equivalent of a motion for new trial, it will be considered on its merits.

The motion for new trial contains a ground complaining that the court erred in directing a verdict for the defendant, because the verdict was not demanded by the evidence, there was evidence that would have supported a verdict for the plaintiff, and there were issues of fact which should have been submitted to the jury for determination. In the present case, if it should be found that the order of the trial judge in directing a verdict was not erroneous, it could serve no good purpose to reverse his judgment because he dismissed the motion, instead of overruling it. We will therefore look to the evidence in the case to determine whether or not the verdict was demanded by the evidence, and whether there were issues of fact that should have been submitted to a jury.

The evidence was uncontradicted that the defendant had been previously married, that his former wife had procured a divorce from him, that the jury in that case had imposed disabilities on the defendant to prevent his remarriage, and that the defendant's disabilities had never been removed. There were no allegations in the answer of the defendant in the present case attacking the validity of the ceremonial marriage between the plaintiff and the defendant. The record does not disclose that

any objection was made to the introduction of this evidence, and since the defendant could have amended his answer to conform to the evidence, the plaintiff could not, and did not, complain of the variance between the pleadings and the proof in her motion for new trial. *Taylor* v. *Taylor,* 195 *Ga.* 711 (11) (25 S. E. 2d, 506).

In *Baker* v. *Baker,* 168 *Ga.* 478 (148 S. E. 151), it was held: "The plaintiff's right to recover, in a suit for land and other property, depending upon proof of her title as the wife and sole heir of a decedent between whom and the plaintiff a ceremonial marriage took place on December 25, 1925, but the plaintiff's evidence showing that in 1910 she married J. F. who is still in life, and that in 1916 he obtained a total divorce from her, the jury on second verdict finding that J. F. be allowed to remarry, but that the wife be not allowed to remarry, and *she never having been relieved of her disability, she could not contract a valid marriage* at the time of the ceremony first referred to, and did not thereby acquire the rights of a wife entitled to inherit the property of the decedent." (Italics ours.)

The plaintiff insists that the ruling in the *Baker* case is not applicable to the present case because the plaintiff in the *Baker* case was the wrongdoer who undertook to profit by her own unlawful act, whereas in the present case the plaintiff did not know that the defendant could not legally contract marriage with her. It is also insisted that only such persons as may have been blameless, and were injured or prejudiced by the defendant's failure to secure the removal of his disabilities to remarry, should be heard to complain of such failure, and that the defendant would be estopped from challenging the validity of the marriage.

In *Pennaman* v. *Pennaman,* 153 *Ga.* 648 (112 S. E. 829), it was held : "Although the applicant [for alimony] and the alleged husband lived together some twenty-five or thirty years after the marriage ceremony between them was performed, inasmuch as the disqualification to marry was not removed, the husband was not estopped from setting up the invalidity of his marriage to the plaintiff in the suit for alimony." In the *Pennaman* case, it appears that both the husband and the wife were disqualified to contract marriage. The *Pennaman* decision was

followed by this court in *Christopher* v. *Christopher,* 198 *Ga.* 361, 380 (31 S. E. 2d, 818), in which it was held that the reputed husband was not estopped to set up the invalidity of his marriage to the applicant for alimony, although he had induced her to procure a fraudulent and void divorce from her former husband. The *Pennaman* case was also followed in *Reed* v. *Reed,* 202 *Ga.* 508, 515 (43 S. E. 2d, 539).

Under the foregoing rulings of this court, it must be held that the ceremonial marriage between the parties in this case was invalid, since the defendant was under a disability to contract marriage, and the defendant was not estopped from attacking the validity of the marriage, although the plaintiff had entered into the marriage in good faith, and they had lived together as husband and wife for seventeen years. The marital status of citizens is a matter of public interest and concern. The rules of estoppel between parties can not be invoked to determine the validity of a marriage.

The plaintiff contends that, even if the ceremonial marriage between the parties was invalid, a common-law marriage was consummated between the parties at the time when they were in Alabama, since his disability to remarry was without effect outside the territorial limits of Georgia, and a common-law marriage is permitted under the laws of Alabama and Georgia. The evidence shows that the parties were residents of Georgia before they went to Alabama, that they merely visited in Alabama, that they returned to Georgia, and have been residents of Georgia until the time of the trial. Clearly their marital status must be determined under the laws of Georgia, and not the laws of Alabama.

Under the applicable laws of this State, there was no valid marriage between the parties, and the plaintiff was not entitled to a decree for divorce and alimony. The plaintiff fails to show injury by a judgment dismissing her motion for new trial. A judgment overruling the motion for new trial would have placed her in no better position, since the verdict directed was demanded as a matter of law.

*Judgment affirmed.* *All the Justices concur, except Atkinson, P. J., who dissents.*

ATKINSON, Presiding Justice, dissenting. A total divorce dis-

solves the marriage contract. Each is left without a spouse. There is no such thing as dissolving a marriage contract and still leaving one of the parties married. Though one of the parties is put under disabilities, both are nevertheless unmarried. There is no law in this State declaring the marriage of a person who is put under disabilities to be a void marriage. By an early decision of this court, *Park* v. *Barron,* 20 *Ga.* 702 (65 Am. D. 641), it was held that the marriage of a person, though under disability to remarry, was not a void marriage. The instant case is based on the case of *Baker* v. *Baker,* 168 *Ga.* 478 (148 S. E. 151). That case cites no authority for the ruling and is contrary to the principle laid down in *Park* v. *Barron,* supra, which, being the older decision, should control the instant case.