33623. BITUMINOUS CASUALTY CORPORATION *et al.* *v.* WACHT.

Decided September 11, 1951.

*T. Elton Drake, John M. Williams,* for plaintiffs in error.

*Henry J. Fullbright Jr., Harl C. Duffey Jr., W. T. Maddox,* contra.

MacIntyre, P. J. The Sanford Company, employer, and Bituminous Casualty Corporation, insurance carrier, appeal in this case from a judgment of the Superior Court of Fulton County reversing the award of the State Board of Workmen's Compensation, which had affirmed the award of a single director denying compensation on the ground that the claimant, Mrs. Beatrice Wacht, is not the legal widow of the deceased, Glenn Wacht. It was stipulated at the trial hearing before the single director that the only question for determination was whether or not the claimant was the legal widow of the deceased as shown by the evidence.

Mrs. Wacht, the claimant, was her only witness, and her testimony together with certain documentary evidence was the only evidence in the case. From this evidence it appears that Mrs. Wacht had, prior to her marriage to Wacht, married William H. Green on November 13, 1937, and they lived together in

Floyd County, Georgia. In September of 1945 certain differences arose between the claimant and her husband William H. Green. On September 18, 1945, Green filed suit in the Superior Court of Floyd County for divorce and the claimant moved to Anniston, Alabama to live with her mother and her stepfather, a medical officer in the Army and stationed at Fort McClellan, near Anniston. According to the certified copy of. the exemplification of record of the Superior Court of Floyd County, that court on January 19, 1946, after two verdicts by juries, granted William H. Green a total divorce, but placed the claimant under the disability of not being able to remarry. It appears that during the time that the claimant was living with her mother and stepfather in Anniston, Alabama, she worked at Fort McClellan Post Exchange and there met Glenn Wacht for the first time about two months prior to her marriage to him. From certified copies of the application for marriage license and the marriage license issued by the Probate Court of Calhoun County, Alabama, it appears that the claimant and Glenn Wacht applied for a marriage license and were married on August 21, 1946, by ceremonial rites. The application for, and the marriage license itself, state that the claimant was divorced in Rome, Georgia, on January 18, 1946. The claimant testified that she and Wacht went to Minnesota on their honeymoon. From there they went to Racine, Wisconsin, where Wacht obtained employment and worked there until they moved back to Anniston, Alabama, where he obtained employment and purchased a home. In February of 1948, they moved to Atlanta, where Wacht obtained employment with the Sanford Company. Mrs. Wacht testified that she did not know of her disability of not being able to remarry under the divorce from her husband William H. Green. Among the single director's findings of fact are the following: "I find as a matter of fact and conclude as a matter of law that the claimant at the time of the death of Glenn Wacht had not been divorced from William H. Green, nor was there any evidence to indicate that the said William H. Green was dead, and I must conclude as a matter of law, in my opinion, that she was not legally able to contract the marriage she entered into with Glenn Wacht. . . I think that claimant acted in perfectly good faith after her first husband told her he would

get them both a divorce in relying on his statement when she attempted to enter into a second marriage, but she did not exercise ordinary diligence to ascertain whether or not she had a divorce and could enter into a contract of. marriage and her ignorance of this fact would not make her second attempted marriage valid, as I understand the law. Based on the above findings of fact and my conclusions of law, the claim of Mrs. Beatrice Wacht should be denied for the reason that she was not the legal wife of the said Glenn Wacht at the time of his death."

Under the findings of fact made by the trial director, his award denying compensation on the ground that the claimant was not the legal wife of the deceased was contrary to law. The decree of the Superior Court of Floyd County, dated January, 1946, granting William H. Green a total divorce, but prohibiting the claimant's remarriage, constituted, in the absence of the removal of such disability, a bar which would render a subsequent marriage *in this State* invalid. *Bell* v. *Bell*, 206 *Ga.* 194 (56 S. E. 2d, 289); *Baker* v. *Baker*, 168 *Ga.* 478 (148 S. E. 151); *Pennaman* v. *Pennaman*, 153 *Ga.* 647 (112 S. E. 829); *Brown* v. *Sheridan*, 83 *Ga. App.* 725 (64 S. E. 2d, 636). However a decree prohibiting the guilty party to a judgment of divorce from remarrying is without effect outside the territorial limits of the prohibiting State. *Montgomery* v. *Gable*, 61 *Ga. App.* 859 (1) (7 S. E. 2d, 426). "A valid marriage consummated in another State, although one of the parties be laboring under a disability in Georgia, must also be held to be valid in Georgia, provided the parties acted in good faith and did not go to the foreign State for the mere purpose of evading the provisions of the Georgia law. Code, § 53-214; *Montgomery* v. *Gable*, supra." *Brown* v. *Sheridan*, supra. It appears from the evidence, as we have shown above, that the claimant left the State sometime during September, 1945, intending to live with her mother and her step-father, a medical officer in the Army stationed at Anniston, Alabama. There she secured employment and did not know or meet the deceased Wacht until some eight months later, or two months prior to her marriage to Wacht. She did not return to the State until some two and one-half years later. Such evidence does not to our mind bespeak a departure from this State for the mere purpose of evading the provisions of the marriage

laws of Georgia, and the trial director found as a matter of fact that the claimant acted in "perfectly good faith . . when she attempted to enter into . . [the] second marriage." It follows, therefore, that the trial director's conclusion that the claimant was not the legal widow of the deceased Wacht was erroneous as a matter of law and the Superior Court of Fulton County did not err in reversing the award denying compensation based upon such erroneous conclusion.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*