## 18586. GARY *v.* JOHNSON *et al.*

SUTTON, Justice. 1. Where a marriage contract is entered into between a man and woman, and later a divorce is granted to the wife but not to the husband, and the husband's disabilities under the marriage contract are not removed as provided in Code (Ann.) § 30-122; and where he later enters into another marriage contract with another woman, who sues him for divorce and his disabilities are removed under that marriage contract in the second divorce proceeding; and he thereafter enters into a third marriage contract with another woman without his disabilities under the first marriage contract ever having been removed, his first spouse still being in life, the third marriage contract is invalid, for the reason that he was not eligible to enter into said marriage contract as he was under a disability to marry again by reason of the first marriage contract. *Bell* v. *Bell,* 206 *Ga.* 194 (56 S. E. 2d 289).

2. Code (Ann.) § 30-122 (Ga. L. 1946, p. 90), providing that, "when a divorce shall be granted, the jury or the judge, as the case may be, shall determine the rights and disabilities of the parties," is not violative of the due-process and equal-protection clauses of the State and Federal Constitutions, as contended by the plaintiff in error, on the ground that said statute is so vague, indefinite, and discriminatory as to deny equal protection and due process of law.

3. Under these circumstances and the law applicable thereto, the third purported wife could not legally maintain the present action against a sheriff and his bondsmen for damages for the alleged negligent homicide of such named person as her husband, on the theory that she was his lawful wife. The ruling in *Dillard* v. *Dillard,* 197 *Ga.* 726 (30 S. E. 2d 621), cited and relied on by counsel for the plaintiff in error, does not authorize or require a ruling in the present case different from the one here made.

4. Consequently, the trial judge did not err in sustaining the defendants' plea in bar to the present suit and in dismissing the action, on the ground that the plaintiff was not the lawful widow of the deceased.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 12, 1954—DECIDED MAY 31, 1954.

*Clinton J. Morgan, Andrews & Covington,* for plaintiff in error. *Newell Edenfield, Parker, Clary & Kent,* contra.