## 18913. SMITH *v.* SMITH.

WYATT, Presiding Justice. Lucile D. Smith filed suit for divorce and alimony against Lawrence H. Smith in Fulton Superior Court, and by amendment alleged that in 1929 she had filed suit for divorce and alimony against Lawrence H. Smith in Davidson County, Tennessee, and she attached a copy of the decree rendered by the Tennessee court. The decree reads as follows: "This cause came on to be heard on this 12th day of August before the Honorable G. B. Kirkpatrick, sitting as Special Judge of the Second Circuit Court Davidson County, Tennessee, upon the original and amended bill of the complainant and the answer of the defendant together with oral proof in Court and argument of counsel from all of which the Court is of the opinion that the complainant has fully made out the charges in her bill, that is—that the defendant wilfully and maliciously and without cause deserted the complainant, abandoned her and turned her out of doors on the 24th day of January, 1924, and that again in August, 1927, the complainant came to Nashville, Tennessee, in an effort to affect a reconciliation and offered to live with the defendant in Nashville or anywhere else he would establish and maintain a home and that the defendant refused and declined to have any further conversation with your complainant and again wilfully and maliciously and without cause deserted the complainant and abandoned her and turned her out of doors and has since failed and refused and neglected to provide for her. It is therefore, ordered, adjudged and decreed that the bonds of matrimony heretofore subsisting between complainant and defendant be dissolved and for naught held and that she be restored to all rights and privileges of a feme-sole. It is further ordered, adjudged and decreed that the plaintiff have and recover of the defendant the sum of $1,500.00 as temporary and permanent alimony and that the defendant will pay the costs of this cause for which execution may issue." It was alleged that, at the time the Tennessee decree was rendered, neither of the parties to the case was a resident of Tennessee, and for that reason the decree was and is null and void and no divorce has been granted to either of the parties. A general demurrer to the petition was sustained and the petition was dismissed. The exception here is to that judgment. *Held:*

This court has many times held that, where the only service obtained in a divorce suit is by publication, when the defendant is a nonresident and does not appear and defend the suit and has no actual notice of the pendency of the suit, the decree is subject to attack on the ground that

the court rendering the decree had no jurisdiction of the parties, or that the decree was obtained by the perpetration of a fraud upon the court rendering the decree, and the full faith and credit clause of the Constitution of the United States and the act of Congress enacted pursuant thereto (28 U. S. C. A., § 687) have no application under these circumstances. See *Marchman* v. *Marchman*, 198 *Ga.* 739 (32 S. E. 2d 790). But, where there has been personal service or where the parties both actually appear and participate in the trial by pleading and personal appearance, this court holds that a divorce decree rendered by the courts of another State, under these circumstances, is not subject to a collateral attack such as is attempted here. See *Drake* v. *Drake,* 187 *Ga.* 423 (1 S. E. 2d 573); *Dyal* v. *Dyal,* 187 *Ga.* 600 (1 S. E. 2d 660). The record in this case discloses that both parties to this suit appeared in the trial of the Tennessee case, both by pleading and personal participation in the trial. It follows, the attack sought to be made on the Tennessee decree under the circumstances of this case can not be made in the Georgia courts, and the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

Argued March 15, 1955—Decided April 11, 1955—
Rehearing denied May 11, 1955.

*Ida Mae Hendricks, Hugh G. Head, Jr., Paul Crutchfield,* for plaintiff in error.

*Walker & Walker, Paul Webb, Jr., Bertram S. Boley,* contra.