23007.   COLE v. COLE.

Argued June 14, 1965—Decided July 12, 1965.

*Sims & Lewis, James R. Lewis, Wyatt & Wyatt, L. M. Wyatt;* for plaintiff in error.

*Richter & Birdsong, Horace E. Richter,* contra.

Candler, Presiding Justice.  Mrs. Lois Humphrey Cole filed a suit in the Superior Court of Troup County against Paul Cole, her husband, in which she prayed for a divorce and alimony including attorney fees.  The defendant filed no defensive pleadings.  The record shows: She and the defendant were married in Miami, Fla., on February 6, 1960.  She had been previously married to Louis J. Petty but they separated on March 1, 1956.  She and her former husband were divorced in Jefferson County, Ala., on July 9, 1957, on a petition filed by him.  At an interlocutory hearing for temporary alimony and counsel fees she testified that neither she nor her former husband Louis J. Petty had ever lived in the State of Alabama.  Later she was asked by the court: "Mrs. Cole, after you separated, do you know what happened to your husband, or where he may have lived after that time?"  She answered: "He went to Alabama."  She also testified that her former husband was in life and resided at Port Chester, N. Y., and the only divorce granted them was the one they obtained in Alabama.  After this testimony was given by her, counsel for the defendant moved to dismiss her divorce and alimony proceeding on the ground that her testimony positively showed that the decree purporting to dissolve her former mar-

riage was a nullity for want of the Alabama court's jurisdiction to grant it. She then offered in evidence a certified copy of the Alabama divorce proceeding. That proceeding shows that her former husband filed a divorce suit against her in Jefferson County, Ala., in which he alleged that both he and his wife resided in that county and State when his suit was filed and a response which she filed thereto admits its jurisdictional allegations. It also shows that a divorce was granted to her and her former husband Petty on the day his suit was filed in Alabama and that she was awarded $30 per week for the support and maintenance of their children and other substantial relief. A certified copy of the Alabama proceeding was allowed in evidence. The defendant renewed his motion to dismiss her suit for divorce and alimony on the ground that her evidence positively showed the invalidity of the Alabama decree. No other evidence was offered by Mrs. Cole showing or tending to show that either she or her former husband ever resided in Alabama. Cole's motion to dismiss her suit in Troup County was granted, and the exception is to that judgment.

Since the record in this case shows that the plaintiff Mrs. Cole had been previously married to Louis J. Petty, the burden was on her to show a valid dissolution of that marriage before she could legally contract marriage again. *Pennamon v. Pennamon*, 153 Ga. 647 (112 SE 829). To carry this burden, she introduced in evidence an exemplified copy of a decree rendered in the State of Alabama which purporterly divorced her and her former husband but she nevertheless testified positively on the hearing of this case that neither she nor her former husband had ever lived in the State of Alabama. True it is that the Constitution of the United States (Art. IV, Sec. I, Par. I; *Code* § 1-401) and the Act of Congress passed pursuant thereto (28 USCA § 687) require each State to give full faith and credit to the judgments and decrees rendered in sister States; but where as here the evidence of one relying upon a foreign decree conclusively shows that such decree is a nullity, the courts of this State are not required to give it full faith and credit and a person not a party to such divorce proceeding whose rights are materially and adversely affected by it may collaterally attack its validity in the courts of this State. *Durden v. Durden*, 184

Ga. 421 (191 SE 455) ; *Christopher v. Christopher,* 198 Ga. 361 (2a) (31 SE2d 818) ; DeBouchel v. Candler, 296 F 482. Here the positive evidence of Mrs. Cole shows that a fraud was practiced by her and her former husband on the Alabama court which purportedly divorced them; and since it does, it is settled that she could not maintain her suit for divorce and alimony against the defendant Cole (*Christopher v. Christopher,* supra, and the authorities there cited) ; and since she could not, her suit was properly dismissed. And *Smith v. Smith,* 211 Ga. 615 (87 SE2d 320) does not require a ruling different from the one here made. It was there held that a divorce decree obtained in the State of Tennessee could not be collaterally attacked in the courts of this State by either of the parties to that proceeding where the defendant to such action was either personally served or appeared and defended the action.

*Judgment affirmed. All the Justices concur.*