■ In the Matter of the Claim of ELEANOR LIEBLEIN, Appellant, v. CHARLES CHIPS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by the claimant from a decision of the Workmen's Compensation Board, filed February 1, 1968, which disallowed a claim for death benefits under the Workmen's Compensation Law. The deceased, Walter C. Lieblein, died on December 5, 1964 as a result of an industrial accident sustained on November 23, 1964. Appellant filed a claim for death benefits alleging that she was the legal widow of the deceased. The record discloses that appellant's prior marriage was terminated by a divorce decree in favor of the husband, rendered in New York State on the ground of adultery. The decree contained the express provision that appellant was prohibited from remarrying during the lifetime of the plaintiff without court permission. On November 23, 1957, appellant married the deceased in Nedrow, New York, without obtaining permission from the court to remarry. It is undisputed that appellant and deceased cohabited until his death. The sole issue raised on appeal is whether appellant is the lawful widow of the deceased for the purpose of workmen's compensation in New York State. Originally, the Referee held against the appellant. The board rescinded the Referee's decision and restored the case to the Referee calendar for pertinent evidence on the issue of common-law marriage. Appellant then testified that subsequent to 1957, she and the deceased traveled to Georgia, Massachusetts, Vermont, Maine and Canada, and that in each of these places, she was introduced as Lieblein's wife and that they lived and cohabited together during these periods. The Referee then found in appellant's favor finding that " (1) Claimant widow, Eleanor Lieblein, is the statutory dependent widow. (2) Claimant widow, Eleanor Lieblein and the decedent, Walter C. Lieblein, were legally married as result of common law marriage entered into in the State of Georgia in 1960." Upon objection by the respondent, the board reversed the Referee's decision and found " on the credible evidence, that the claimant is not the legal widow of the deceased, and that no valid common-law marriage was effected in the state of Georgia." It is well established that New York will recognize a common-law marriage entered into in a sister State that recognizes the validity of such marriages, even though it may have been entered into at a time when such marriage would have been invalid in New York. (*Shea* v. *Shea,* 294 N. Y. 909; *De Milio* v. *New York State Thruway Auth.,* 15 A D 2d 27.) Since common-law marriages have been valid in Georgia for nearly a century (*Lefkoff* v. *Sicro,* 189 Ga. 554), the only question for the board was whether the acts of appellant and decedent, while they were in Georgia, created a common-law marriage under that State's laws. Respondent's attack on the validity of appellant's alleged common-law marriage is based on the duration of the couple's stay in Georgia, which was approximately one week. Georgia law appears to prescribe no particular period of cohabitation within its borders as a predicate for a common-law marriage (Ga. Code

Ann., tit. 53, § 101). The findings of the Workmen's Compensation Board are clearly defective in this regard, since the board did not properly explain the basis for its decision. This court has no way of knowing whether the board accepted the testimony of appellant that she and the deceased traveled to Georgia. Respondent contends that *Bell* v. *Bell* (206 Ga. 194) defeats appellant's claim. In *Bell* (*supra*), the defendant, while under a disability to marry in Georgia, and after going through a marriage in that State, traveled to Alabama for a short visit. The Georgia court held that a valid common-law marriage had not been created in Alabama. We need not pass on the applicability of *Bell* (*supra*), absent adequate findings, except to point out that *Bell* involved Georgia domiciliaries and obviously the court was protecting a Georgia inhibitory decree. Decision reversed and matter remitted to the Workmen's Compensation Board for additional appropriate findings, with costs to appellant against respondents employer and insurance carrier. Gibson, P. J., Herlihy, Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.; Reynolds, J., dissents and votes to affirm in the following memorandum: REYNOLDS, J. (dissenting). In my opinion the board clearly determined that appellant and decedent had traveled to Georgia for a week's vacation to visit their daughter, and yet concluded " that no valid common-law marriage was effected in the state of Georgia." *Bell* v. *Bell* (206 Ga. 194) clearly establishes that Georgia would not recognize a common-law marriage under the facts here presented, and since Georgia law, of course, controls as to the existence of a valid common-law marriage allegedly entered into in Georgia, the board must be affirmed.