52368, 52369. SMALLWOOD v. BICKERS et al.
(two cases).

QUILLIAN, Judge.

The appeals in these cases are considered together because they involve two companion actions. In No. 52368, Nellie Smallwood, individually, brought an action for the wrongful death of her husband, Isaac L. Smallwood, against Dr. Donald S. Bickers and West Paces Ferry Hospital. In No. 52369, Nellie Smallwood in her capacity as administratrix of the estate of Isaac L. Smallwood sued the same defendants for negligence in treating Isaac L. Smallwood. Both complaints allege that Mr. Smallwood's death on July 29, 1973 was occasioned by the negligence of various people involved in the operative procedures and treatment while he was under the care of Dr. Bickers and employees of West Paces Ferry Hospital.

The defendants, after answering, moved for summary judgment based upon two grounds. First, that Nellie Smallwood is not the lawful widow of Isaac L. Smallwood; thus, she is not entitled to bring an action for the wrongful death, pursuant to Code Ann. § 105-1302 (Ga. L. 1973, p. 488). Second, Mrs. Smallwood has received "satisfaction" by settlement for the death of Isaac Smallwood and there being but one cause of action, appellant is not entitled to recover.

The trial judge granted the motions for summary judgment on both grounds and appeal followed. *Held:*

1. It is contended that the plaintiff was not the deceased's wife, so that she might maintain an action for wrongful death under Code Ann. § 105-1301 et seq. In 1948, the deceased and the plaintiff entered into a ceremonial marriage. It appears, however, that in 1937, the deceased and Emma Smallwood (hereinafter referred to as Emma) were married. On February 23, 1953, Emma and the deceased were divorced in Rabun Superior Court. The proceedings culminating in the divorce were instituted against the decedent as an out-of-state resident. The decree forbade the deceased from re-marrying. Plaintiff, by affidavit, related that from 1951 until sometime in 1953 that she and the deceased lived together as husband and wife in Alabama. Plaintiff and the deceased cohabited from 1948 until the time of his death in 1973.

It is contended by the defendants in this case that the ceremonial marriage between the plaintiff and the deceased was a nullity, that from the period between 1948 and 1953 they were unable to enter into a valid common law marriage and that after the divorce decree in February 1953 they were also prevented from entering into a common law marriage by the disability imposed upon the deceased. See *Baker v. Baker,* 168 Ga. 478 (148 SE 151); *Bell v. Bell,* 206 Ga. 194, 198 (56 SE2d 289); *Gary v. Johnson,* 210 Ga. 686 (82 SE2d 651).

The divorce decree in question recited that the deceased lived outside the state and this is supported by the affidavit of the plaintiff that they were residing outside the state from 1951 until 1953. On summary judgment we, of course, construe the proof offered in favor

of the party opposing the motion. *Peachtree Bottle Shop v. Bessemer Securities Corp.,* 134 Ga. App. 729, 731 (215 SE2d 692).

It has been pointed out in several cases with regard to the disability imposed under Code Ann. § 30-122 (Ga. L. 1946, pp. 90, 93; 1960, pp. 1024, 1025) that such disability had no extra-territorial effect. *Montgomery v. Gable,* 61 Ga. App. 859 (1) (7 SE2d 426); *Brown v. Sheridan,* 83 Ga. App. 725, 728 (64 SE2d 636); *Bituminous Cas. Corp. v. Wacht,* 84 Ga. App. 602, 604 (66 SE2d 757). Hence, the party upon whom the disability was imposed might enter into a valid marriage outside the State of Georgia and return to the State of Georgia with a marriage that would be recognized in this state. *Brown v. Sheridan,* supra. That being true, it is clear that the evidence failed to established that the plaintiff and the deceased did not establish a valid common law marriage after the divorce decree and during the time that they resided in Alabama. The defendants were not entitled to summary judgment based on the contention that the evidence shows, as a matter of law, that the plaintiff was not the wife of the deceased.

2. It is urged that the plaintiff executed a release and settlement with certain parties who are not involved in the present suit; that since this is a wrongful death action and only one cause of action is involved that the settlement and release serves to also release the present defendants who occupy the status of joint tortfeasors. In support of this proposition, the defendants cite *Gilmore v. Fulton-DeKalb Hosp. Auth.,* 132 Ga. App. 879 (209 SE2d 676). They distinguish the opinion in *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915), on the grounds that, even though there suits were allowed against the doctor and hospital after release as to third parties, that factual situation did not involve a wrongful death action, but involved a suit for damages and injuries resulting from an automobile collision.

In our view, we do not reach the question posed until a determination is made as to the effect of the instrument in question. Our courts have made a distinction between a covenant not to sue and a release. The intendment of a covenant not to sue is to release only certain parties and to

leave the other parties still subject to suit. *Register v. Andris,* 83 Ga. App. 632 (64 SE2d 196); *Doster v. C. V. Nalley, Inc.,* 95 Ga. App. 862 (99 SE2d 432); *Henderson v. Garbutt,* 121 Ga. App. 291 (173 SE2d 445). In construing an instrument to determine whether it constitutes a release or a covenant not to sue, the intention of the parties is controlling. *Harmon v. Givens,* 88 Ga. App. 629, 632 (2) (77 SE2d 223). "The fundamental rule, the rule which swallows up almost all others in construing a paper, is to give it that meaning which will best carry into effect the intent of the parties. This is the object of rules of interpretation, to discover the true intent of the parties, and in doing this we are to take the whole of [the instrument] together, and to consider this with the surrounding circumstances." *Shorter v. Methvin,* 52 Ga. 225, 229 (1). Accord, *McIntyre v. Zac-Lac Paint &c. Corp.,* 107 Ga. App. 807, 812 (131 SE2d 640).

We have thoroughly reviewed the instrument which is so vital to a resolution of the issues in this case. It contains language applicable both to a release and a covenant not to sue. We have determined that this instrument is, in legal effect, a covenant not to sue based on the following language contained in the contract: "It is hereby expressly understood and covenanted that this instrument is intended to release and discharge the afore-named releasees from any and all claims . . . but expressly does not release any other persons, firms, corporations, or other legal entities except those expressly referred to herein, including, but not limited to any such persons, firms, corporations, or legal entities which claim or may claim to be beneficiaries, donee or otherwise, of this Agreement.

"It is hereby expressly understood and agreed that the undersigned in no wise releases any medical practitioner, or hospital from liability which coincidentally or otherwise may have arisen directly or indirectly from the actions and occurrences herein mentioned, or from any other cause.

"By this release, the undersigned is releasing only her claims against the afore-referenced releasees and those claiming under them individually or collectively. The undersigned expressly reserves all rights, claims and

causes of action that she or the estate of the deceased may have against any other individual, organization, or corporation or their respective heirs, legal representatives, successors or assigns. In addition, the undersigned expressly reserves any right that she may have to proceed against any such other party.

"All other language in this instrument notwithstanding, it is the intent of the undersigned to discharge the abovenamed releasees and no others. This instrument shall be interpreted as a covenant not to sue and a covenant not to enforce judgment with respect to all claims for the full value of the life of Isaac Littleton Smallwood and for all actions for funeral expenses, aggravation by third party of original injuries sustained by said deceased, and for all claims of loss of consortium after the death of said Isaac Littleton Smallwood against such named releasees.

"By entering into this Agreement, the parties acknowledge that all damages suffered by the undersigned, and by the estate of deceased, have not been paid in full, but that this Agreement constitutes the settlement and resolution of a doubtful claim against the within named releasees only in regard to the injuries and death of Isaac Littleton Smallwood as such may have been caused by the named releasees."

As pointed out above, we have not overlooked the fact that there is much language in the agreement which is indicative of a release. But the true intent of the instrument is that it will operate only as to the third parties in question and that it would leave open the questions with regard to the doctors and hospital insofar as the degree of care they exercised and whether their negligence may have caused the deceased's death.

The touchstone of the rule is that in order to constitute a release there be a full satisfaction. The language here shows that there was not a full satisfaction and that the plaintiff, in executing the instrument, wished to retain her right to proceed against the present defendants and only preclude her rights as against the third parties who are set forth in the instrument. See *Rowland v. Vickers*, 233 Ga. 67 (209 SE2d 592).

The trial judge erred in granting a summary

judgment for the defendants based on either of the two theories urged before him.

*Judgments reversed. Deen, P. J., and Webb, J., concur.*

S<small>UBMITTED</small> J<small>ULY</small> 14, 1976 — D<small>ECIDED</small> S<small>EPTEMBER</small> 30, 1976.

*Scheer & Elsner, Robert A. Elsner, Paul D. Hermann, Edgar A. Neely, Jr.,* for appellant.
*Thomas Marvin Smith, Hunter S. Allen, Jr., Robert G. Tanner, Swift, Currie, McGhee & Hiers, W. Wray Eckl, Drake E. Chandler,* for appellees.