■ In the Matter of the Claim of MARY MOTT, Appellant, v DUNCAN PETROLEUM TRANS. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 29, 1978, which held that claimant was not entitled to death benefits under the Workers' Compensation Law because she was not the widow of the decedent herein. As a result of a motor vehicle accident which arose out of and in the course of his employment, decedent John Mott, a 47-year-old truck driver, died on October 24, 1973. Contending that she was decedent's widow pursuant to a common-law marriage contracted in the State of Georgia, claimant thereafter applied for death benefits under the Workers' Compensation Law, and the board ultimately rejected her contention and disallowed the claim. On this appeal, we must decide whether or not the board's determination that claimant was not married to decedent, either by ceremony or common law, and, accordingly, not entitled to death benefits as his widow, is supported by substantial evidence. We hold that it is. Concededly, no ceremonial marriage ever occurred between decedent and

claimant, although they lived together in Islip, New York, and held themselves out as man and wife for the nine years preceding decedent's death. Such being the case, and since common-law marriages are no longer recognized in New York (Foster-Freed, Law and the Family, vol 1, § 2:33), claimant bases her entitlement to death benefits upon a common-law marriage allegedly contracted between herself and decedent in Georgia, but there is insufficient evidence in the record that such a marriage was ever effected under Georgia law, which is controlling in this instance (cf. *Matter of Watts,* 31 NY2d 491). Claimant has the burden of proving the validity of the alleged marriage *(Drawdy v Hesters,* 130 Ga 161), and she must establish, *inter alia,* that she and decedent had a present intent to marry while they were in Georgia *(Brown v Brown,* 234 Ga 300). Here, the most that plaintiff has presented is evidence that she and decedent visited her daughter, by a previous marriage, who resided in Chamblee, Georgia, three or four times during the period from 1969 through 1972 and that during those visits she and decedent held themselves out as husband and wife. Clearly, upon such a meager factual foundation as this, claimant has not demonstrated the requisite intent to establish a marriage between herself and the decedent in Georgia, and, therefore, the board had an adequate basis, fully explained in its decision (cf. *Matter of Lieblien v Charles Chips, Inc.,* 32 AD2d 1016), for denying her death benefits upon finding that she was not decedent's widow (cf. *Matter of Skeens v Hicks Trucking Co.,* 20 AD2d 594). Decision affirmed, without costs. Sweeney, Staley, Jr., and Main, JJ., concur.

Greenblott, J. P., and Herlihy, J., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The board's decision that the parties "merely" visited Georgia indicates that it erred as a matter of law by failing to give any consideration to the intent of the parties to be husband and wife as evidenced by their conduct in New York State before and after their Georgia trips. While the initial cohabitation of the parties in New York State was undoubtedly meretricious in the eyes of the law, the intent of the parties as established from their conduct to be husband and wife should be given some weight in considering the Georgia trips. (Cf. *Matter of Farber v U. S. Trucking Corp.,* 26 NY2d 44, as to New York acts having weight in considering a present intent to contract a marriage outside of New York State.) The conclusory finding of the board that the parties did not effect a common-law marriage in Georgia in the course of several weeks visits on various occasions is inadequate for judicial review of substantial evidence since there are no findings of relevant fact. As to a review of the decision for an error of law, in the absence of a delineation by the board of its application of the facts to the law of Georgia, there cannot be effective review. The decision should be reversed and the matter remitted to the Workers' Compensation Board. (See *Matter of Lieblein v Charles Chips, Inc.,* 32 AD2d 1016.)