62750. HARRISON et al. v. JOHNSON et al.

SOGNIER, Judge.

Appellants Harrison and Quaintance sued Johnson, Son John Insurance Agency, All-America Insurance Company, and Georgia Automobile Insurance Plan for failure to pay on an insurance policy, and for fraud and deceit in the issuance of the policy. Harrison and Quaintance subsequently amended their complaint alleging negligence against All-America Insurance Company and Georgia Automobile Insurance Plan. Appellants executed a release in favor of All-America, "its agents, servants, successors and assigns from any and all claims, actions, causes of action, bodily and personal injury and property damage, costs, loss of service, expenses and compensation whatsoever, known and unknown, which the undersigned now has/or which may hereafter accrue on account of

collision coverage or any other coverage whatsoever provided by Policy No. AFAR 284 977, or the lack of such coverage, or as a result of the issuance or non-issuance of any policy of insurance of All-America Insurance Company to or insuring Marva E. Harrison or Sandra Quaintance or resulting from the accident, casualty or event which occurred on or about the 5th day of May, 1979 . . ." Georgia Automobile Insurance Plan moved for summary judgment based on the release. The trial court granted appellees' motion and we affirm.

Appellants contend that by executing the release in favor of All-America appellants did not intend to release any other alleged joint tortfeasor, and that the instrument itself is ambiguous.

The release is clear and unambiguous, and parol evidence is not admissible to vary its terms. *Maxey v. Hospital Authority,* 245 Ga. 480, 482 (265 SE2d 779) (1980). A release executed in favor of one joint tortfeasor, in full settlement of damages, acts as a release in favor of all other joint tortfeasors. *Zimmerman's Inc. v. McDonough &c. Co.,* 240 Ga. 317, 319 (240 SE2d 864) (1977). There is nothing in the instrument that indicates that appellants expressly retained their rights to proceed against any other joint tortfeasor. See *Smallwood v. Bickers,* 139 Ga. App. 720, 724 (229 SE2d 525) (1976).

Summary judgment in favor of appellee was correct.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 25, 1982.

*Ronald P. Jayson, Donald M. Coleman,* for appellants.
*H. Andrew Owen, Perry A. Phillips,* for appellees.