**Eunice L. HAYES, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. C81–1717A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 31, 1983.

Melodie Clayton, Clayton & Clayton, Austell, Ga., for plaintiff.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

This is an action to review a determination by the Secretary of Health and Human Services that the claimant is not entitled to "surviving divorced wife" benefits under 42 U.S.C. §§ 402(e) and 416(d). The magis-

trate has recommended that the matter be remanded to the Secretary for consideration of the principle of equitable estoppel. For the following reasons, the court declines to adopt the recommendation of the magistrate.

The insured, Ralph Hayes, married Katherine Dawson on April 14, 1934, in Fulton County, Georgia. On September 16, 1946, Katherine Dawson Hayes filed for divorce in Fulton County, and that divorce complaint was amended on November 13, 1946. In July 1948, Katherine Dawson Hayes appeared in court with her attorney and was orally granted a divorce from the insured; the insured was not present at these proceedings. No written divorce decree was ever entered.

On October 30, 1948, Katherine Dawson "married" Alex Zambounis; that "marriage" ended in divorce on November 20, 1952. On February 14, 1956, Katherine Dawson "married" Enel Brown, and they were divorced on October 25, 1963.

On November 11, 1949, the claimant, Eunice Lenard, "married" Ralph Hayes; that "marriage" ended in divorce on March 19, 1971. Later that year Ralph Hayes "married" Audrey Sue Palmer. That "marriage" was not dissolved at the time of Ralph Hayes' death on August 25, 1978.

The plaintiff applied for divorced widow's benefits on December 5, 1978, and was awarded benefits in a notice dated August 8, 1979. On December 17, 1979, Katherine Dawson filed an application for widow's benefits. On April 2, 1980, the Social Security Administration asked the plaintiff for evidence which would demonstrate that the marriage of the insured and Katherine Dawson had been dissolved. When no such evidence was provided, the Social Security Administration reconsidered and reversed the award of benefits that had been made to the plaintiff.

On October 22, 1980, an administrative law judge determined that the marriage between the insured and Katherine Dawson had never been dissolved, that the plaintiff was entitled to widow's benefits up to November 1979, that the plaintiff

was without fault with respect to any overpayment made to her, and that recovery of any overpayment would defeat the purpose of the Social Security Act; consequently, recovery of the overpayment was waived.

On July 7, 1981, the Appeals Council concluded that the marriage between the insured and the plaintiff was invalid and the insured was not entitled to any benefits as the divorced widow of the insured; however, the Appeals Council also concluded that the plaintiff was without fault in causing the overpayment, and recovery of the overpayment was waived.

The insured's third "wife," with whom he was living at the time of his death has made no claim for Social Security benefits.

The Social Security Act defines a "surviving divorced wife" as "a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the date before the divorce became effective." 42 U.S.C. § 416(d)(2). The Social Security Act also provides that in determining the validity of a marriage the courts must look to state law:

(A) An applicant is the wife, husband, widow, or widower of a fully or currently insured individual for purposes of this title if the courts of the State in which such insured individual is domiciled at the time such applicant files an application, or, if such insured individual is dead, the courts of the State in which he was domiciled at the time of his death ... would find that such applicant and such insured individual were validly married at the time such applicant files such application or, if such insured individual is dead, at the time he died....

(B) In any case where under subparagraph (A) an applicant is not (and is not deemed to be) the wife, widow, husband, or widower of a fully or currently insured individual ... but it is established to the satisfaction of the Secretary that such applicant in good faith went through a marriage ceremony with such individual resulting in a purported mar-

**404**

riage between them which, but for a legal impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, *and such applicant and the insured individual were living in the same household at the time of the death of such insured individual* ... such purported marriage shall be deemed to be a valid marriage....

42 U.S.C. §§ 416(h)(1)(A), (B) (emphasis added).

It is undisputed that Georgia law governs the relationship of the insured, Katherine Dawson, and the plaintiff since the insured died while domiciled in Georgia. In order for there to be a valid marriage in Georgia, the parties must be able to contract to the marriage, and in order to be able to contract marriage, a person must have no living spouse of a previous undissolved marriage. Official Code of Georgia Annotated §§ 19–3–1, –2. The burden of establishing the validity of a marriage has been set forth by the Georgia Supreme Court in *Johnson v. Johnson,* 239 Ga. 714, 238 S.E.2d 437 (1977):

> Where a party to a ceremonial marriage has been previously married and the validity of the second marriage is challenged, the presumption is that the second marriage is valid until evidence is established that the other spouse of the first marriage is living. When evidence is established that the other spouse of the first marriage is living, the burden shifts to the party contending [*sic*] the validity of the second marriage to go forth and show that the first marriage was dissolved by divorce.

■ With the appearance of Katherine Dawson, the presumption of the validity of the marriage between the plaintiff and the insured was rebutted, and the burden then shifted to the plaintiff to come forward with evidence that the marriage between Katherine Dawson and the insured had been terminated by divorce. The only evidence produced in this regard was Katherine Dawson's statement that a judge had orally granted a divorce between her and the insured. However, no written judgment or decree of divorce was produced. Under Georgia law, "a judge's oral announcement granting a divorce is not a divorce; i.e., is not a dissolution of the marriage. No spouse should remarry based upon an oral divorce.... 'What the judge orally declares is no judgment until it has been put in writing and entered as such.' " *Hodges v. Hodges,* 235 Ga. 848, 849, 221 S.E.2d 597 (1976), *quoting Hutcheson v. Hutcheson,* 197 Ga. 603, 604, 30 S.E.2d 107 (1944).

This court finds that the plaintiff has not met her burden of proving that the marriage between Katherine Dawson and Ralph Hayes was dissolved; it thus follows that there was no valid marriage between the plaintiff and Ralph Hayes and that she, consequently, is not entitled to surviving divorced wife's benefits.

■ The plaintiff urges, and the magistrate recommended, that the defendant consider whether the principle of equitable estoppel should apply. This the court cannot do, for the Georgia Supreme Court has clearly and succinctly stated the law in Georgia as follows: "The rules of estoppel between parties can not be invoked to determine the validity of a marriage." *Bell v. Bell,* 206 Ga. 194, 198, 56 S.E.2d 289 (1949). In *Bell,* the court found that a ceremonial marriage between the parties was invalid since the defendant was under a disability to contract marriage and "the defendant was not estopped from attacking the validity of the marriage, although the plaintiff had entered into the marriage in good faith, and they had lived together as husband and wife for seventeen years." 206 Ga. at 198, 56 S.E.2d 289. This court does not hold that equitable estoppel may never be used in a Social Security case in determining the validity of a marriage, since some states may allow estoppel principles to be used in determining the validity of a marriage or divorce. This court simply holds that since Georgia does not allow the validity of a marriage to be challenged through estoppel, this court may not utilize such principle in determining the validity of

the marriages and divorces at issue in this litigation.

For the foregoing reasons, the decision of the Secretary of Health and Human Services is AFFIRMED.

SO ORDERED.