69397. REED et al. v. CROWN CENTER MANAGEMENT COMPANY.
(326 SE2d 825)

SOGNIER, Judge.

E. Stephens Reed, Jr., and five other lessees of Crown Center Management Company brought an action seeking a declaration of the construction to be given the lease agreements between Crown Center and the lessees. The trial court found in favor of Crown Center on its motion for summary judgment and against the lessees on their motion for summary judgment. The lessees appeal.

The sole issue on appeal is the construction given by the trial court to the term "base year" as it appears in each basically identical lease. The leases provided that "[t]he term of this Lease shall be for a period of approximately Five (5) years and No (0) months . . . ." In addition to the monthly rental, "Lessee shall, for each calendar year . . . after the Base Year (hereinafter defined) pay to Lessor as additional rent ___ percent [being a sum proportionate to the amount of space rented by each lessee] of the increase (if any) in the Operating Costs of the Building . . . for such calendar year over the Operating Costs of the Building for the Base Year. . . . The term "Base Year" shall mean the full calendar year during which the term of this Lease commences." The leases further provided for a lump sum payment of the additional "operating cost" rent within 30 days after notification of the calculated amount. Addenda to the leases granted each lessee

"the option to extend this Lease for two seperate [sic] additional five (5) year terms . . . . Said additional five (5) year terms shall be on the same terms and conditions as set forth herein except that commencing with the first month of the sixth year (first option term) of the term of this lease, the monthly rental . . . shall be the greater of the following: 1. The amount of the monthly rental paid during the first five (5) years, or 2. The amount of the monthly rental paid during the first five (5) years multiplied by a fraction [derived from the Consumer Price Index]."

Appellants argue that the language "term of this Lease" used throughout the agreements indicates that upon entering each of the five-year option terms a "new" term was in effect and a new base year should thus commence. We do not agree. The addenda entered into by the parties merely provided for the optional extension of each original lease and made only one change, to wit, an increase in the monthly rental. No change was made in the manner of calculating the additional "operating cost" rent; thus, the provision in the main body of each lease remained in full force and operation. We agree with the trial court that the language in these leases established the first full calendar year (namely, 1977) as the base year and that this base year was the operative base year for each of the two 5-year option terms for which the leases could be extended. Even construing the leases most strongly against appellee, as scrivener and movant, see *Howkins v. Atlanta Baggage &c. Co.*, 107 Ga. App. 38 (1) (129 SE2d 158) (1962), we find no support in the language of the leases for appellants' argument that the two option terms constituted new and distinct lease terms for each of which a new base year was intended to be established. No construction of an agreement is required or even permitted when the language employed by the parties is plain, unambiguous, and capable of only one reasonable construction. *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 461 (3) (278 SE2d 33) (1981). We need not address appellants' arguments as to the circumstances surrounding the execution of the lease agreements since parol evidence is not admissible to vary the terms of agreements which are clear and unambiguous. OCGA § 13-2-2 (1); *Harrison v. Johnson*, 161 Ga. App. 54, 55 (289 SE2d 287) (1982). Therefore, the trial court correctly granted appellee's motion for summary judgment and denied appellants' motions for summary judgment.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 8, 1985 —
REHEARING DENIED FEBRUARY 25, 1985 —

*G. Michael Hartley, Martha Mullins*, for appellants.

*G. Conley Ingram, Vickie C. Lyall*, for appellee.