70992. COMBS v. DAVIS et al.
(343 SE2d 125)

BENHAM, Judge.

This appeal is brought from a grant of summary judgment to all defendants in a dispute concerning the purchase of a boat and equipment.

Although appellant enumerates three errors, they will be treated as one since they are part of the same theme: appellant contends that the trial court erred in granting summary judgment in favor of appellees. This suit arose out of the purchase of a boat and equipment on February 23, 1983, by Scott Owen Combs from J. Emory Davis d/b/a Davis Marine. The boat was manufactured by Norant Corporation; the motor was manufactured by Outboard Marine Corporation; and the trailer was manufactured by Evinrude Trailer Company. The purchaser became dissatisfied with the boat and equipment due to certain alleged deficiencies, and he brought suit against all parties. During pendency of the suit, Norant Corporation reached an agreement

with appellant wherein appellant was given another boat and appellant executed an instrument entitled "Release of Claim."

Upon motion, the trial court granted summary judgment not only for Norant Corp., but for all other defendants, based on the release. Appellant/purchaser took exception to the trial court's ruling, and this appeal followed.

The pertinent portions of the release are as follows:

*"Release of Claim*

"I, the undersigned, now and forever fully and finally release, acquit and discharge the said Norant Corporation its or their heirs, executors, administrators, successors and assigns, *and all other persons, firms or corporation, who are or might be liable in any way, from all present or future claims of any kind or character and all liability now accrued or hereafter to accrue. . . .* I further represent, declare and agree that I understand fully the terms of this settlement and that I rely wholly on my judgment in so doing and that I voluntarily accept said sum for the purpose of making a *full and final compromise, adjustment and settlement of the injuries and damages* above mentioned. . . ." (Emphasis supplied.)

The release went on to reserve any rights or claims against all the parties except Norant. In deciding whether this instrument is a general release or a covenant not to sue, we use the analytical framework of *Foundry Systems &c. v. Indus. Dev. Corp.*, 124 Ga. App. 589 (185 SE2d 94) (1971): "The primary consideration for the construction of a release is whether it shows an intention on the part of the injured person to acknowledge full satisfaction of his damage, thus relinquishing his cause of action, or whether it shows an intention only to accept a satisfaction of a part of the claim. The intention of the parties as shown by the instrument will be given effect." Since this case involves no allegations of fraud, coercion, or duress, our examination will be limited to the issues of release or covenant not to sue. If we interpret the instrument to be a covenant not to sue, the action survives against the remaining defendants. But if we interpret it to be a general release, the right of action against the remaining defendants is extinguished. *Glover v. Southern Bell Tel. &c. Co.*, 229 Ga. 874 (195 SE2d 11) (1972).

We find particularly persuasive the language of *Smallwood v. Bickers*, 139 Ga. App. 720, 723 (229 SE2d 525) (1976): "In construing an instrument to determine whether it constitutes a release or a covenant not to sue, the intention of the parties is controlling. [Cit.] 'The fundamental rule, the rule which swallows up almost all others in construing a paper, is to give it that meaning which will best carry into effect the intent of the parties. This is the object of rules of interpre-

tation, to discover the true intent of the parties, and in doing this we are to take the whole of (the instrument) together, and to consider this with the surrounding circumstances.' [Cit.]" Although *Smallwood* found a covenant not to sue rather than a release, we reach the opposite conclusion here. In *Smallwood*, the language of the agreement specifically stated that the claim had not been paid in full, but here the instrument specifically and emphatically states that it is a release of all parties and that the purpose is for "making a full and final compromise adjustment and settlement of the injuries and damages above mentioned." The interpretation we give this language, in spite of the ineffective reservation provision, as being a general release is in keeping not only with rules of construction, but also with the principle that there can be but one recovery for one injury, as cited by appellees in *Ira H. Hardin Co. v. Martin Assoc.*, 147 Ga. App. 49 (2) (248 SE2d 41) (1978), and is also in harmony with *Hawkins v. Travelers Ins. Co.*, 162 Ga. App. 231 (290 SE2d 348) (1982).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 6, 1986 —
REHEARING DENIED MARCH 20, 1986 — 

*Bruce M. Hofstadter*, for appellant.
*M. Diane Owens, Charles V. Bond, Jr., Kenneth E. Lucas*, for appellees.